Johnnie Milton HOLLINS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19301.

United States Court of Appeals Ninth Circuit.

Oct. 26, 1964.

Robert W. Stanley, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Richard A. Murphy, Asst. U. S. Atty., Chief, Criminal Section, Robert H. Filsinger, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and BROWNING, Circuit Judges.

HAMLEY, Circuit Judge.

Johnnie Milton Hollins appeals from a judgment of conviction and sentence, entered after a jury trial, for a violation of the bank robbery statute, 18 U.S.C. § 2113(a) and (d). His only point on appeal is that the testimony of an officer concerning observations made and conversations had during a search of the

premises should have been stricken because the search was illegal.[1] The search was illegal, Hollins argues, because it was made without a search warrant and while made incident to an arrest, the latter was not valid. The arrest was not valid, he urges, because it was made without a warrant of arrest and without probable cause.

The arrest, without a warrant for arrest, was made on March 14, 1963, by Joseph S. Deiro, an officer of the Los Angeles Police Department attached to the robbery division. At approximately 12:30 P.M. on that day he was notified that a robbery had occurred within the previous ten minutes at Security-First National Bank, Washington and Vermont Branch, Los Angeles. Deiro and another officer proceeded immediately to the bank arriving there at approximately 12:45 P.M. He was informed by the bank manager that the bank had been robbed and was told the details of how it had been accomplished.

Witnesses had given the bank manager a description and the license number of the getaway car, and the bank manager gave this information to Officer Deiro. This license number was immediately referred to the Department of Motor Vehicles and was found to be that of a 1962 Pontiac convertible registered in the name of Bernice Newman at 4845 Angeles Vista, in Los Angeles. The bank manager also told Officer Deiro that the robbery had been committed by a male Negro approximately five feet eleven inches to six feet tall, twenty-five to thirty years old, weighing about 170 pounds, medium-dark complexion. The man was also described as wearing a hat, sunglasses and a short jacket.

Officer Deiro and other officers then went to the Bernice Newman residence, arriving there about 1:30 P.M. The officers observed a 1962 black Pontiac convertible bearing the license number given to them, parked in the driveway. Approaching the vehicle, Officer Deiro noted that the motor was making a noise similar to that made by a motor which is cooling. He felt the hood of the car and found it to be very warm. Officer Deiro and other officers then went to the front door and, in response to their knock, Hollins opened the door. He was clad only in a T-shirt and shorts. It was Officer Deiro's opinion, upon seeing Hollins, that he was of the same general description as that of the robber, as given to him by the bank manager.

Officer Deiro presented his identification and inquired if Hollins was the only one in the house. Hollins replied that his wife was in bed downstairs and that his wife's daughter was in bed upstairs. The officer asked Hollins if he knew Bernice Newman, and Hollins replied that she was his wife. Officer Deiro thereupon arrested Hollins. He and the other officers then entered the house for the purpose of conducting a search. It was during this search that Officer Deiro obtained the information which he later revealed to the jury in the testimony which, Hollins asserts, should have been stricken.[2]

■ The fact, without more, that Officer Deiro may have been in possession of evidence sufficient to support a magistrate's disinterested determination to issue a search warrant, would not have entitled him to search these premises without a warrant. Aguilar v. Texas, 378 U.S. 108, 110–111, 84 S.Ct. 1509, 12

1. No objection on this or any ground was made when the testimony was received. At the end of cross examination of the officer in question, however, counsel for Hollins moved that the officer's entire testimony be stricken because it was based upon information gained during an illegal search.

2. The testimony of Officer Deiro which Hollins believes should have been stricken related to his observation that Hollins'

wife was in bed but fully clothed except for her shoes; his interrogation of Hollins concerning the latter's activities prior to the arrival of the police; his finding, in a buffet drawer, of a second ignition key to the Pontiac, which key Hollins stated had been lost; and his observation that Hollins produced the first ignition key from the pocket of a pair of trousers that were in the bedroom.

L.Ed.2d 723; Johnson v. United States, 333 U.S. 10, 13–14, 68 S.Ct. 367, 92 L.Ed. 436. But Officer Deiro arrested Hollins at the door of the residence before he and other officers entered to make the search.

A lawful search may be made without a search warrant, if incident to a valid arrest. Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 11 L.Ed. 2d 777; Cohen v. Norris, 9 Cir., 300 F.2d 24, 31. A valid arrest may be made without a warrant of arrest, if based upon probable cause. Ker v. California, 374 U.S. 23, 34–35, 83 S.Ct. 1623, 10 L.Ed.2d 726. Probable cause to arrest a person exists where the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information, prior to the search, are sufficient in themselves to warrant a man of reasonable caution in believing that an offense has been or is being committed by such person. Brinegar v. United States, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 93 L.Ed. 1879.

At the time Officer Deiro arrested Hollins he had trustworthy information that the bank had been robbed not much over an hour previously by a man having an appearance generally similar to that of Hollins. He also then had trustworthy information that the robber had fled in a car of the same make and description, and bearing the same license number, as the car parked in the driveway of the home where Hollins answered a knock at the door. The officer then had good reason to believe that the automobile in the driveway had been recently driven since the hood was still warm. Moreover, the officer then had trustworthy information that the automobile was registered in the name of Bernice Newman, who resided at the home in question, and Hollins himself stated, before the arrest, that Bernice Newman was his wife and that she was then at that home.[3]

In view of these circumstances, and applying the test referred to above, the district court did not err in holding that Officer Deiro had reasonable cause to arrest Hollins on the occasion in question. The arrest was therefore valid notwithstanding the lack of a warrant for arrest. The search was incident to that arrest, and Hollins does not contend otherwise. Testimony based on information obtained during the course of that search was therefore not subject to objection on the ground that the search was unreasonable under the Fourth Amendment.

Affirmed.

---

3. In Johnson, supra, on the other hand, where the search was held to be illegal, the arrest was made at the door, but the officers did not have probable cause to make the arrest until they thereafter entered the hotel room in question and ascertained that Johnson was the only person present.