**David Arendt BATES, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 20009.**

United States Court of Appeals
Ninth Circuit.

Oct. 26, 1965.

Certiorari Denied Jan. 17, 1966.

See 86 S.Ct. 561.

---

Raymond E. Sutton, Babcock & Sutton, Las Vegas, Nev., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Michael P. Balaban, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and ELY, Circuit Judges, and TAVARES, District Judge.

PER CURIAM:

Bates was convicted of two counterfeiting counts (18 U.S.C. § 474), one of possession and one of participating with another in passing a counterfeit treasury note. The sentences on the counts were concurrent.

An illegal search of Bates and his car is asserted. A motion to suppress the fruits of the search was made and denied. An officer had accosted Bates placing some packages in his Cadillac car. The automobile carried out-of-state license plates and was distinct in model and color. The officer already had reliable information that the vehicle fitted the description of one which, very short-ly before, had been entered by a person who had passed counterfeit money at a store in the near vicinity.

Interrogation began. It is arguable as to just when in the sequence of events the arrest was made. But almost at the very outset, and certainly by the time the first of the series of things done that might be fixed as the time of arrest, one might say there was probable cause to arrest. For the benefit of defendant-appellant, we fix the time of the arrest as not earlier than the arrival of the tow truck operator at the scene who filled in chinks of circumstance to give probable cause.

Of course, at the time of the arrest, the circumstances pointing to Bates as a participant in counterfeit transactions were not iron clad, but they certainly pointed an accusing finger at him—enough for probable cause. The case is well within our Hollins v. United States, 9 Cir., 338 F.2d 227, and Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.

Appellant's other points go mainly to the second count. We find them without merit. But if they were meritorious, the conviction under the first count would stand. The sentences were wholly concurrent. See Sinclair's case [Sinclair v. United States], 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692.

The judgment of conviction is affirmed.