**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Howell SMITH, Defendant-
Appellant.**

**No. 16511.**

United States Court of Appeals
Sixth Circuit.

March 3, 1966.

William F. Hopkins, Cincinnati, Ohio, Sandy Paniello, Louisville, Ky., for appellant.

Ernest W. Rivers, U. S. Atty., William Bryan Martin, Asst. U. S. Atty., Louisville, Ky., for appellee.

Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This is an appeal from the District Court for the Western District of Kentucky wherein defendant-appellant, James Howell Smith, was found guilty of possessing and passing counterfeit bills in violation of 18 U.S.C.A. § 472.

About noon of April 14, 1964, one James Williams, part owner of the Dairy Malt Drive-In, Georgetown, Kentucky, and also a deputy sheriff, refused to cash a ten dollar bill for appellant because it "doesn't look right." A clerk in the same establishment had just accepted a twenty dollar bill from the same man in payment for a ninety-three cent purchase. Williams looked at the latter bill and decided that it too, neither felt nor looked genuine; but before he could stop the appellant, he had been driven away by a second man in what was described as a 1963 Lincoln, License No. 4560 DD.

Williams took the twenty dollar bill to the president of the local bank, who also thought that it was counterfeit. Williams then procured a "John Doe" warrant for the arrest of the man who had passed the bill. A description of appellant, the car and its license number was broadcast over the state police network. Around 6:30 P.M. of the same day, Marion Howard, a Kentucky policeman, saw the car and identified it as to make and license number. He and a Kentucky State Police car which had joined him gave chase. Appellant and the driver of the car were arrested and each placed in a separate cruiser. The Lincoln was immediately searched, and about fifty counterfeit bills were discovered. Appellant and his colleague were taken to the county jail where they were held overnight. At 2:00 P.M. the following day, they were brought before a United States Commissioner for a preliminary hearing. Appellant asked for a continuance to obtain a lawyer from Cincinnati, and he was allowed one day to do so. No counsel could be obtained in time, and the hearing was held the following day with appellant unrepresented. Subsequently, however, appellant was validly indicted by a federal Grand Jury. Appellant took no action to

void the preliminary hearing in the interim between it and his formal indictment by the Grand Jury.

Appellant argues here that: (1) his rights under the Fifth and Sixth Amendments were violated at the preliminary hearing, since he was without counsel and no record was kept; (2) the arrest and subsequent search were illegal; (3) if the arrest and search were illegal, the evidence of counterfeit bills should have been suppressed, and without this there was insufficient proof to go to the jury.

## I. The Preliminary Hearing

It is well settled law that a preliminary hearing is unnecessary when a valid indictment has been returned by the Grand Jury. Dillard v. Bomar, 342 F.2d 789, 790 (C.A. 6, 1965); Byrnes v. United States, 327 F.2d 825, 834 (C.A. 9 1964), *cert. den.* 377 U.S. 970, 84 S.Ct. 1652, 12 L.Ed.2d 739; United States v. Shields, 291 F.2d 798, 799 (C.A. 6, 1961) *cert. den.* 368 U.S. 933, 82 S.Ct. 371, 7 L.Ed.2d 196, *reh. den.* 368 U.S. 962, 82 S.Ct. 401, 7 L.Ed.2d 393; Boone v. United States, 280 F.2d 911 (C.A. 6, 1960); Barber v. United States, 142 F.2d 805, 807 (C.A. 4, 1942). In the absence of showing of any prejudice from the superfluous preliminary hearing, we find no grounds for reversal therein.

## II. The Arrest and Search

We think unquestionable the existence of probable cause for the issuance of the warrant on the basis of Deputy Williams having received two "peculiar" bills in a ninety-three cent transaction, reinforced by the opinion of the bank president that the bills were counterfeit. Nor can the arrest of the two men driving in the Lincoln, License No. 4560 DD, which had been specifically identified over the police radio, be found unlawful.

We agree with the court in United States v. Juvelis, 194 F.Supp. 745, 747, (D.C. N.J., 1961) which said: "It was a communication sent through official channels that a crime had been committed with detailed identification of the alleged criminals * * *. Failure on his [the police officer's] part to take summary action under such circumstances would have amounted to sheer lunatic neglect of duty as well as non-feasance."

The legality of the search following the arrest can be upheld on two grounds: First, the search was incident to a lawful arrest, made at the same time and place. Crawford v. Bannan, 336 F.2d 505 (C.A. 6, 1964), *cert. den.* 381 U.S. 955, 85 S.Ct. 1807, 14 L.Ed.2d 727; Arwine v. Bannan, 346 F.2d 458 (C.A. 6, 1965) *cert. den.* 382 U.S. 882, 86 S.Ct. 175, 15 L.Ed.2d 123; and second, appellant unlike the tenant in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed. 2d 697 (1960) was neither the owner nor the person in control of the car; he has no standing to move for the suppression of evidence seized in violation of the "privacy of person or premises" of the driver of the car. Wong Sun v. United States, 371 U.S. 471, 491–492, 83 S.Ct. 407, 9 L.Ed.2d 441 (1962). Jones v. United States, 362 U.S. 257, 261, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). Since we have ruled against appellant on the second issue, we need not consider the third point.

Judgment affirmed.