**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Dennis MASINI, Defendant-Appellant.**

**No. 16460.**

United States Court of Appeals Sixth Circuit.

March 24, 1966.

Eugene W. Youngs, Cincinnati, Ohio (Court-appointed), for appellant.

C. Odell Horton, Jr., Memphis, Tenn. (Thomas L. Robinson, U. S. Atty., Memphis, Tenn., on the brief), for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

HARRY PHILLIPS, Circuit Judge.

This is an appeal from the conviction of defendant-appellant under a two count indictment, charging possession and passing of counterfeit federal reserve notes in violation of 18 U.S.C. § 472. Appellant was represented in the district court by two attorneys employed by him. Trial by jury was waived. The district judge found him guilty and imposed a sentence of fifteen years.

There is evidence in the record to support the conclusion of the district court that appellant purchased two paperback books at a Memphis bookstore, using a counterfeit $20 federal reserve note and receiving the difference in change. The owner of the store was talking on the telephone at the time of the transaction. The Memphis police had been alerted that passers of counterfeit $20 bills were active in the area. The proprietor of the bookstore had information to this effect.

The proprietor immediately was suspicious that the $20 bill passed by appellant was counterfeit, testifying that "it did not look right" because of its color and paper. He further testified that he went to the sidewalk outside the store, saw appellant waiting for a traffic light, and called for him, but appellant ignored

the call and proceeded across the street. The proprietor then telephoned his brother and asked him to come and keep the store. When the brother arrived approximately fifteen minutes later the proprietor and a traffic policeman made a search for the customer who passed the bill, and found him in the lobby of the Peabody Hotel.

Appellant denied that he had passed a bill or had been in the bookstore. Upon positive identification by the proprietor, the traffic officer placed appellant under arrest. The officer immediately telephoned for additional policemen who arrived promptly and handcuffed and searched appellant.

The search of appellant's person disclosed three more counterfeit bills and a Peabody Hotel room key.

Appellant then was taken to police headquarters and turned over to a Secret Service agent who, upon the basis of evidence already taken, obtained a search warrant for appellant's hotel room. This search revealed a paper bag with appellant's name on it which contained 384 counterfeit bills.

On appeal appellant contends: (1) that his arrest was unlawful and was made without probable cause; (2) that the search of his person, made without his consent and without a search warrant, was not a lawful search incident to arrest; and (3) that the search warrant which was issued for the search of his hotel room was unlawful because it was based upon evidence illegally obtained from the prior search of his person. We find all of these contentions to be without merit.

■ Under Tennessee law an officer is authorized to make an arrest without a warrant upon "a charge made, upon reasonable cause, of the commission of a felony by the person arrested." T.C.A. § 40–803(4). We hold that there was probable cause for the arrest under the circumstances of this case. Brinegar v. United States, 338 U.S. 160, 175, 69 S. Ct. 1302, 93 L.Ed. 1879; Harris v. United States, 331 U.S. 145, 151, 67 S.Ct. 1098, 91 L.Ed. 1399; Bates v. United States,

352 F.2d 399 (C.A.9), cert. denied, 382 U.S. 984, 86 S.Ct. 561, 15 L.Ed.2d 473; cf. United States v. Smith, 357 F.2d 318 (C.A.6, March 3, 1966).

■ We further hold that the search of appellant's person, which was substantially contemporaneous with the arrest and which took place in the hotel lobby where appellant was arrested, was a lawful search incident to the arrest. The arrest and search were a part of one continuous operation. The only delay was a matter of minutes occasioned by a telephone call made by the arresting officer to police headquarters for assistance and a patrol car. The two other officers arrived at the hotel lobby a few minutes later. Under these facts we agree with the conclusion of the district court that the search was incident to the arrest. James v. State of Louisiana, 382 U.S. 36, 86 S.Ct. 151, 15 L.Ed.2d 30; Stoner v. State of California, 376 U.S. 483, 486, 84 S.Ct. 889, 11 L.Ed.2d 856; Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; Arwine v. Bannan, 346 F.2d 458 (C.A.6), cert. denied, 382 U.S. 882, 86 S.Ct. 175, 15 L.Ed.2d 123.

■ Since the arrest and the search incident to the arrest were lawful, the evidence secured thereby was properly used as a basis for the issuance of a search warrant for appellant's hotel room. This evidence was not "fruit of [a] poisonous tree." Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441.

■ Appellant also complains that he was denied due process because during the course of the trial the district judge, as trier of the facts, received information concerning a telegram advising police authorities that appellant was wanted for armed robbery in Racine, Wisconsin, as a result of which the judge increased appellant's bond from $5,000 to $15,000 and directed the United States Marshal to keep him in custody for the remainder of the trial. There is nothing in the record to indicate that the rights of appel-

lant were prejudiced in any way by this action of the district judge, sitting without a jury. We find no prejudicial error in this procedure.

The court expresses appreciation to Mr. Eugene W. Youngs of the Cincinnati bar for his services as court-appointed attorney for appellant on this appeal.

Affirmed.