**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph William LUCAS, Defendant-
Appellant.**

**No. 16633.**

United States Court of Appeals
Sixth Circuit.

May 19, 1966.

Frank J. Richter, Cincinnati, Ohio, for appellant.

Edwin R. Render, Louisville, Ky. (Ernest W. Rivers, U. S. Atty., Louisville, Ky., on the brief), for appellee.

Before CELEBREZZE, Circuit Judge, CECIL, Senior Circuit Judge, and BOYD,[*] District Judge.

PER CURIAM.

On December 1, 1964, the Portland Branch of the First National Lincoln Bank of Louisville, Kentucky, was robbed of $12,586.00 by a lone gunman. Two days later the U. S. Commissioner at Louisville issued a warrant for the arrest of appellant on the basis of a complaint made by an agent of the Federal Bureau of Investigation. On the morning of December 22, 1964, Officer William K. Hisey and his partner of the New Albany, Indiana, Police Department received a message over their car radio requesting that they be on the lookout for appellant, the perpetrator of the aforesaid bank robbery. The officers at that time were given a description of the appellant, a description of the automobile in which he was riding, the license number of the same, and were advised that a warrant for his arrest was outstanding. Soon thereafter the officers observed appellant's car at Charlestown Road and Clark Street in New Albany. The officers on stopping it observed that its driver answered the description of the appellant furnished them and requested of him identification. Appellant produced a receipt bearing the name of William Watson. As appellant was ostensibly searching in his car for addi-

[*] Marion S. Boyd, Chief Judge for the Western District of Tennessee, sitting by designation.

tional identifying evidence he was ordered by the officers to the rear of the vehicle. Following an inspection by Officer Hisey of the glove compartment, the front and rear seats of appellant's automobile, this officer opened and inspected the trunk of the car, finding an automatic pistol. Appellant was then formally placed under arrest. Other officers were called in on the case and a further inspection of the trunk at the scene of his arrest disclosed a "bundle of money", which was later identified as being that obtained in the within robbery. Additional currency in the sum of $900.00 was taken from the appellant's person. These are the undisputed facts concerning appellant's arrest and the search of his person and automobile. Appellant was returned to the Western District of Kentucky at Louisville where he was indicted on February 15, 1965.

■ On the basis of the aforesaid facts we are of the opinion the arrest of appellant was based on probable cause and the search of appellant's person and vehicle following was incident to his lawful arrest and was reasonable in all respects. The search was not in any sense an exploratory one as apparently contended by the appellant. The following recent cases of this Court support this view. United States v. Masini, 358 F.2d 100 (CA 6, No. 16460, March 24, 1966); United States v. Smith, 357 F.2d 318 (CA 6, No. 16511, March 3, 1966); Arwine v. Bannon, 346 F.2d 458 (CA 6, 1965), cert. den. 382 U.S. 882, 86 S.Ct. 175, 15 L.Ed.2d 123; Crawford v. Bannon 336 F.2d 505 (CA 6, 1964), cert. den. 381 U.S. 955, 85 S.Ct. 1807, 14 L.Ed.2d 727; Gilliam v. United States, 189 F.2d 321 (CA 6, 1951).

■ It should be noted here that a search without a warrant may precede an arrest as long as it is substantially contemporaneous with the same and the arrest is based on probable cause and not on the results of the search. Holt v. Simpson, 340 F.2d 853 (CA 7, 1965); Fernandez v. United States, 321 F.2d 283 (CA 9, 1963); Busby v. United States, 296 F.2d 328 (CA 9, 1961), cert. den. 369

U.S. 876, 82 S.Ct. 1147, 8 L.Ed.2d 278; Gilliam v. United States, (supra).

■ Prior to the trial in the District Court appellant filed a written motion to suppress the evidence herein obtained as a result of the search of his car. No request was made for a hearing thereon before the trial, though the trial judge did consider and deny the same on the morning of and prior to the actual trial. The correctness of this ruling is not here challenged. However, before a jury was empaneled and sworn, appellant's counsel orally renewed objections to the search of appellant's automobile and for the suppression of the evidence obtained thereby. The district judge in his discretion and without objection agreed to and did consider the matter further during the trial of the case on its merits and ruled as a matter of law the evidence complained of was legally admissible. The appellant on this appeal for the first time seems to question this procedure followed by the district judge, contending his rights were in some way adversely prejudiced. We are unable to understand in these circumstances how prejudice from this procedure followed by the trial judge could have resulted to the appellant, and accordingly, fail to recognize merit in this contention. Rule 41(e), Federal Rules of Criminal Procedure.

■ Though the point was not pressed in argument before the court, appellant complains in his brief that his constitutional right to assistance of counsel was violated while being interviewed concerning certain state offenses by an officer of the Louisville Police Department following his arrest and return to the latter city. Apparently it is contended that appellant made a certain incriminating statement to the officer during the interview which might be considered an admission of his guilt of the within robbery, and that his evidence was inadmissible. We have considered the statement attributed to appellant on this occasion and find, as appellant contended at his District Court trial, that the statement in question was in no sense an admission of his guilt of the bank robbery herein,

 

nor do we find it in any way incriminating. We find this assignment also without merit.

There being no reversible error, the judgment of the District Court is affirmed.