**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lester Raymond BARNETT, Defendant-
Appellant.**

No. 24133.

United States Court of Appeals,
Ninth Circuit.

March 26, 1970.

Marvin W. Friedman (argued), San Francisco, Cal., for defendant-appellant.

Edward Wallin (argued), Eric A. Nobles, Asst. U. S. Attys., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before HAMLEY, HUFSTEDLER and WRIGHT, Circuit Judges.

PER CURIAM.

On his appeal from his two convictions for bank robbery, Lester R. Barnett contends that:

(1) The government failed to establish that his warrantless arrest was based upon probable cause.

(2) The warrantless seizure of marked money from a third person was beyond the scope of an incidental search.

(3) Identification testimony should have been stricken as the product of an illegal line-up.

■ Appellant's first contention is belied by the arresting officer's affidavit, the only evidence introduced on the motion to suppress. The officer had a physical description of the robber, and knew his name and address from the license plate on the getaway car.[1] Probable cause to arrest existed when appellant, who matched the physical description, approached the known address and identified himself as Lester Barnett. Hollins v. United States, 338 F.2d 227, 229 (9th Cir. 1964); People v. Hillery, 65 Cal.2d 795, 803, 56 Cal.Rptr. 280, 423 P.2d 208, 213 (1967). Appellant declined the opportunity to cross-examine the arresting officer.

■ Appellant's second contention, that evidence was illegally seized by an FBI agent in a furniture store where appellant had spent part of the bait money, is without merit. Alderman v. United States, 394 U.S. 165, 174, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969).

■ Appellant's final contention, that the identification testimony should have

1. The car was registered in appellant's wife's name. However, the arresting officers learned from the landlady that appellant was living in the apartment.

been stricken, is not well taken because the pre-trial confrontations occurred prior to United States v. Wade, 388 U.S. 128, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and there was no evidence that the line-ups were "unnecessarily suggestive and conducive to irreparable mistaken identification * * *." Stovall v. Denno, 388 U.S. 293, 296, 301–302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

Affirmed.