UNITED STATES of America,
Appellee,

v.

Frank Howard BLUM, Appellant.

No. 23681.

United States Court of Appeals,
Ninth Circuit.

Oct. 1, 1970.

Ron Bain, (argued), Los Angeles, Cal., for appellant.

John Hornbeck, (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and ELY, Circuit Judges, and PLUMMER, District Judge.*

PLUMMER, District Judge.

Appellant, Frank Howard Blum (Blum) was convicted in the United States District Court for the Central District of California, after trial by court on a stipulation of facts, of bank robbery in violation of 18 U.S.C.A. § 2113(a) (d). A timely appeal was taken to this court which has jurisdiction under 28 U.S.C.A. §§ 1291 and 1294(4).

The threshold question presented is whether probable cause existed at the time a police radio broadcast was initiated requesting Blum's arrest for passing counterfeit bills.

The facts and circumstances known to the law enforcement officers at the time the broadcast was made, are shown by the evidence presented at the hearing on Blum's motion to suppress on May 23, 1968. At approximately 3:10 P.M. on the afternoon of Sunday, February 11, 1968 Captain Hubert L. Meeker (Captain Meeker) and Sergeant Jimmy Gwatney (Sergeant Gwatney) of the City Police Department of Lake Charles, a small town in southwestern Louisiana, in response to a call over the police radio, drove to a Shell service station operated by a local businessman, Donald Ray Toussand (Toussand). Toussand reported to Captain Meeker that he had received four one dollar bills from a customer and that he believed the bills were counterfeit.

Prior to this incident, an item had appeared in the local newspaper that counterfeit bills were being passed in the community.

Captain Meeker had been with the Lake Charles Police Department for

* Honorable Raymond E. Plummer, United States District Judge, District of Alaska, sitting by designation.

thirteen years and had known Toussand for several years. He inquired of Toussand whether he could identify the person and vehicle of the individual who had given him the bills and Toussand stated that he could. Captain Meeker then examined the bills, and after doing so, came to the same conclusion reached by Toussand, that the bills were counterfeit.

After talking with Toussand and examining the bills, Captain Meeker, Sergeant Gwatney and Toussand got into the police car and traveled east on Interstate 10 toward Jennings, Louisiana to overtake Blum. Captain Meeker contacted the Sheriff's Office and had a message broadcast over the radio to be on the lookout for a 1961 or 1962 Pontiac Tempest convertible, white over red, with California plates, one white male driving, and that the driver was wanted by the Lake Charles police for passing counterfeit bills. This broadcast was heard by Norman J. Roy (Trooper Roy), a member of the Louisiana State Police who, a short time later arrested Blum without a warrant on Interstate 10 Highway near Welch, Louisiana.

■ Probable cause to arrest a person exists where the facts and circumstances within the arresting officer's knowledge, and of which he had reasonably trustworthy information prior to the arrest are sufficient in themselves to warrant a man of reasonable caution in believing that an offense has been committed by such person. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); United States v. Cleaver, 402 F.2d 148 (9th Cir.1968); Hollins v. United States, 338 F.2d 227 (9th Cir.1964).

■ In the absence of an applicable federal statute, the law of the State where an arrest without a warrant takes place determines its validity. United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948). Under Louisiana law, a police officer may arrest a person without a warrant when he has reasonable cause to believe that the person has committed an offense, although not in his presence. Louisiana Code of Criminal Procedure, Act 310 of 1966, effective January 1, 1967, Article 213.

In Pendergrast v. United States, 135 U.S.App.D.C. 20, 416 F.2d 776, 783 (1969), the Court stated:

"Probable cause for a warrantless arrest is the constitutional criterion by which its legality is measured. And ' "(t)he substance of all the definitions" of probable cause "is a reasonable ground for belief of guilt." ' Thus, '(w)hen the constitutional validity of an arrest is challenged, it is the function of the court to determine whether the facts available to the officers at the moment of the arrest would "warrant a man of reasonable caution in the belief" that an offense has been committed' by the arrestee."

"This essential determination, however, is not of the actuality of guilt, but rather of its likelihood. The factual predicates for a finding of probable cause need not approach that moral certainty of guilt upon which a conviction after trial must rest, but are sufficient though only appearances that a reasonable mind could accept as grounds for believing in guilt. 'In dealing with probable cause, * * * as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved.' "

"So it is that a showing of probable cause involves considerably less than the demonstration of guilt demands. The indicia of guilt need not be absolute, or even fully consistent; they may leave some room for doubt, and even for error. But they suffice, we repeat, when they 'warrant a man of reasonable caution in the belief' of guilt." (Footnotes omitted).

In Long v. United States, 422 F.2d 1024, 1026 (9th Cir.1970) this court stated:

"Probable cause must be evaluated from the viewpoint of prudent and cautious police officers on the scene at the time of arrest. The issue is whether police officers, acting together, in particular circumstances, all conditioned by their observations and information and guided by their total police experience, reasonably could have believed that a crime had been committed by the person to be arrested."

■ We have carefully reviewed the entire record in this case in the light of the governing principles of law set forth above. Having done so we conclude that on the basis of the facts and circumstances known to the police officers involved, or as to which they had reasonably trustworthy information, that probable cause existed for Blum's arrest. See Bates v. United States, 352 F.2d 399 (9th Cir.1965); United States v. Masini, 358 F.2d 100 (6th Cir. 1966); cf. United States v. Smith, 357 F.2d 318, 319 (6th Cir. 1966).

■ Captain Meeker arrived a short time after Blum's arrest and searched the vehicle he had been driving. He did not talk with Blum prior to making the search. As a result of his search he seized a canvas bag containing about $15,000.00, a gun, ammunition, polo shirt, cap, glasses and a sock. This search was incident to a valid arrest and the District Court properly denied that portion of Blum's Motion to Suppress pertaining to all clothing, sun glasses and other evidence found in the car being driven by Blum at the time of his arrest. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); Cohen v. Norris, 300 F.2d 24 (9th Cir.1962).

Following the arrest and search made on February 11, 1968, Blum was interviewed by Special Agent Ward of the Federal Bureau of Investigation on February 11, 12 and 13. In the course of these interviews Blum orally made certain statements, admissions and confessions. During the interview conducted on February 13 Blum for the first time named William E. Carpenter as his accomplice. This information was relayed to the Office of the Federal Bureau of Investigation in Los Angeles, and Carpenter was arrested there during the early morning hours of February 14.

Blum's Motion to Suppress also requested that all statements, admissions and confessions obtained from him subsequent to his arrest and the anticipated testimony of William Eldon Carpenter be suppressed and that the United States Attorney be restrained from using such evidence. The grounds for this portion of Blum's motion were that he was not taken within a reasonable period of time before the nearest United States Commissioner and that he did not knowingly and intelligently waive his right to counsel.

The record reflects that a hearing was held on Blum's Motion to Suppress on May 23, 1968. At the conclusion of the hearing, the District Judge denied the Motion to Suppress for failure to comply with Rule 11, Chapter III of the Rules for the United States District Court for the Central District of California, in that affidavits had not been filed by Blum in support of his motion; and on the ground that the arrest of Blum on February 11, 1968 was a reasonable arrest. At that time the court was urged to make a further finding that the three oral statements obtained from Blum were made freely and voluntarily. The court declined to do so and gave as his reason that such matters should be determined by the trial judge if and when the statements were offered in evidence.

On June 10, 1968 a stipulation of facts was filed in the District Court. The last paragraph thereof stated in part: "14. The Motion to Suppress, including all related documents, testimony, and exhibits is hereby renewed and made a part of this stipulation." On the same date, a Waiver of Trial by Jury and a Waiver of Special Findings of

Fact were filed. On August 26, 1968 the court upon the written Stipulation of Facts and the stipulated depositions of the witness Ward found the defendant guilty as charged.

From an examination of the record, we find no indication that a full and independent determination of the voluntariness of the statements or confession made by Blum to Special Agent Ward on February 11, 12 and 13, 1968 has to this date been made.

■■ It is settled that although express findings are not required, the fact that the trial court has made a full and independent determination of the voluntariness of a confession must be ascertainable from the record as a whole. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Javor v. United States, 403 F.2d 507 (9th Cir. 1968). We hold that this rule applies to cases tried by the court as well as those tried by a jury. See United States ex rel. Spears v. Rundle, 268 F.Supp. 691 (E.D.Pa.1967) aff'd 405 F.2d 1037 (3rd Cir.1969); United States ex rel. Owens v. Cavell, 254 F.Supp. 154 (M.D.Pa.1966).

■ The case is remanded to the District Court with directions to afford Blum a hearing before the court of the type prescribed by Jackson v. Denno, supra, and Javor v. United States, supra, on the question of whether the statements made by him on February 11, 12 and 13, 1968 were made freely and voluntarily.

If the District Court finds that the statements made by Blum were involuntary a new trial shall be granted. If not, the court may deny a new trial. If it denies a new trial and there is an appeal, it may be heard upon the present record, supplemented by the record of proceedings had pursuant to this opinion. This opinion is without prejudice to the right of the District Court to grant a new trial before holding the hearing directed herein, if in its discretion it shall decide to do so. See Johnson v. United States, 390 F.2d 517, 519 (9th Cir.1968).

Remanded.