**UNITED STATES of America,
Appellee,**

v.

**Lee Andrew WHITLOCK, Appellant.**

**No. 20605.**

United States Court of Appeals,
Eighth Circuit.

May 20, 1971.

---

Lewis E. Pierce, Kansas City, Mo., for appellant.

Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., Bert C. Hurn, U. S. Atty., for appellee.

Before ALDRICH,* LAY and BRIGHT, Circuit Judges.

PER CURIAM.

The defendant appeals from judgments of conviction on three counts: (1) sale of heroin and cocaine not in pursuance of a written order (26 U.S.C. A. § 4705 (a)); (2) sale of heroin not in or from the original stamped package (26 U.S.C.A. § 4704(a)); and (3) sale of marijuana not in pursuance of a written order (26 U.S.C.A. § 4742(a)). The district court gave the defendant a ten year sentence on each of the first two counts and one year on the marijuana count, all sentences to run concurrently.

While not asserting separate error as to Count I, the defendant does contend that Count I cannot stand because of the prejudicial effect of error under Counts II and III. We hold there is no error as to the conviction under Count II and that the convictions on Counts I and II are not affected by the failure to give the *Miranda*[1] warnings under Count III.

Defendant points out that his conviction under Count II is based on the sale of only three capsules of highly diluted heroin. The defendant asserts that since it was not shown from what package the heroin originated, the evidence was insufficient to find that the three heroin capsules were not from the original stamped package and therefore in violation of § 4704(a).[2]

As the government points out, this argument is disposed of by the controlling language of Turner v. United States,

---

* Of the First Circuit, sitting by designation.

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. Section 4704(a) reads:
    "It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

396 U.S. 398, 421–422, 90 S.Ct. 642, 655, 24 L.Ed.2d 610 (1970), where the Supreme Court said:

"Those possessing heroin have secured it from some source. The act of possessing is itself sufficient proof that the possessor has not received it in or from the original stamped package, since it is so extremely unlikely that a package containing heroin would ever be legally stamped. All heroin found in this country is illegally imported. Those handling narcotics must register; registered persons do not deal in heroin and only registered importers and manufacturers are permitted to purchase stamps. For heroin to be found in a stamped package, stamps would have to be stolen and fixed to the heroin container and even then the stamps would immunize the transactions in the drug only from prosecution under § 4704(a); all other laws against transactions in heroin would be unaffected by the presence of the stamps. There can thus be no reasonable doubt that one who possesses heroin did not obtain it from a stamped package."

■ The defendant challenges the applicability of *Turner* because of the *de minimus* amount of heroin involved here. The statute makes no differentiation between a "little" crime or a "big" crime. The legislation is aimed at preventing the flow of *any* illegal drug traffic. As distinguished from *Turner*, the evidence here showed Whitlock to be engaged in the actual sale and distribution of the heroin, an act barred by the statute.[3]

■ Defendant argues, in addition, that the error under Count III, i. e., the failure of the government to give the *Miranda* warnings before custodial questioning as to his possession of an order form for the sale of the marijuana, pervades all counts and thus the entire conviction should be set aside. We must disagree. The sale of the heroin took place on April 17, 1969. The sale of the marijuana occurred on April 23, 1969. Each constituted separate transactions. Defendant fails to point out how this error could have affected the jury's findings relating to the sale of the heroin. The erroneous admission of the defendant's statement that he did not possess an order form for the marijuana is not prejudicial as to the other counts.

■ We move then to the separate consideration of Count III involving the marijuana sale. Counts I and II involve concurrent sentences of ten years; Count III a sentence of one year to run concurrently with the ten year sentences. As to Count III, we apply the rule that a conviction will be sustained on appeal where concurrent sentences have been given if the defendant has been properly convicted under any count which is valid and sufficient in itself. We deem the concurrent sentence rule still viable as a rule of judicial convenience where the collateral legal consequences which might flow from the added conviction are remote. Cf. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); United States v. Leach, 429 F.2d 956 (8 Cir. 1970). We think the rule has clear application in the present circumstances. We therefore need not pass on the validity of Count III as to the marijuana sale.

Judgment affirmed.

---

3. In *Turner* the Supreme Court emphasized the large amount of narcotics found in the defendant's possession in order to support the necessary inference that the defendant was distributing heroin in violation of the statute. 396 U.S. at 421, 90 S.Ct. at 642.