**UNITED STATES of America**

v.

**Charles Patrick CARNEY et al.,**
**Appellant.**

**No. 71–1823.**

United States Court of Appeals,
Third Circuit.

Argued Jan. 4, 1972.

Decided Feb. 3, 1972.

**926**

Edward Z. Sobocinski, Wilmington, Del., for appellants.

Richard D. Levin, Asst. U. S. Atty., Wilmington, Del. (F. L. Peter Stone, U. S. Atty., on the brief), for appellee.

Before HASTIE and MAX ROSENN, Circuit Judges and McCUNE, District Judge.

## OPINION OF THE COURT

PER CURIAM:

With one exception, the issues in this case have been dealt with in two reported district court opinions, United States v. Carney, 328 F.Supp. 948 (D.Del. 1971), and United States v. Carney, 328 F.Supp. 960 (D.Del.1971). The reasoning contained in these opinions is here adopted by this court.

The exception noted above refers to whether certain in-court identification testimony was properly admitted. That testimony was given by a bank employee who had occasion to view certain photographs of the appellant which were taken by bank cameras in the routine course of business within the bank. This witness was uncertain both as to whether he had viewed the photographs before he identified the appellant at a line-up, and whether the photographs were shown to him by members of the F.B.I. Apparently, the witness saw the photographs after the appellant was in custody.

We need not decide here whether this fact situation presents a violation of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), or United States v. Zeiler, 427 F.2d 1305 (3d Cir. 1970). The district court found that the witness had an independent source of identification. We agree. The appellant attempted to purchase some traveler's checks from the witness. The transaction took approximately fifteen minutes. The witness, a member of the bank's security committee, became suspicious of the appellant and did not sell him the traveler's checks. Thus, the transaction between the witness and appellant was more than an evanescent experience. The witness' attention was focused on the appellant. Moreover, a description furnished by the witness before he saw the photographs of the appellant substantially corresponded with appellant's appearance. This prior opportunity to deal with and study the appellant justifies the conclusion that the witness' in-court identification had an

origin independent of any photographic identification made outside the presence of counsel. United States v. Zeiler, 447 F.2d 993 (Filed September 15, 1971, 3d Cir.).

The judgment of the district court will be affirmed.