Lee Andrew **WHITLOCK**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 72–1372.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1973.

Decided May 8, 1973.

Rehearing and Rehearing En Banc
Denied July 3, 1973.

Robert Thomas Day, Asst. Public Defender, Kansas City, Mo., for appellant.

Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before MATTHES, Chief Judge, and ROSS and STEPHENSON, Circuit Judges.

MATTHES, Chief Judge.

Appellant was found guilty of violating certain sections of the federal statutes relating to narcotic drugs. The judgment of conviction was affirmed in United States v. Whitlock, 442 F.2d 1061 (8th Cir. 1971), where the statutes violated by appellant are set out. Seeking to set aside and vacate the judgment and sentence, appellant filed a motion pursuant to 28 U.S.C. § 2255. Appellant asserted that he had been denied effective assistance of counsel as guaranteed by the Sixth Amendment, in that the lawyer who represented him in his second trial, Lewis E. Pierce, had also represented a government informer, Walton I. Froniabarger, and that such dual representation resulted in a conflict of interest which permeated the trial to appellant's prejudice.

Judge Hunter, who presided over the trial, conducted an evidentiary hearing on the motion to vacate, and held:

"It is very clear from the evidence and it is the finding of the court that there was no such conflict of interest that existed at any time that could possibly have had an adverse effect on Petitioner Whitlock in any of the proceedings that he wishes to have set aside and affected by this hearing."

From the denial of relief, appellant brought the case here for review. He is represented by the United States Public Defender for the Western District of Missouri. During oral argument before this court on March 13, 1973, it developed that the conflict of interest issue had not been fully ventilated at the hearing before Judge Hunter. Appellant's attorney argued that Mr. Pierce knew at the time of trial that Froniabarger, also represented by Pierce, had acted as a government informer. The Assistant United States Attorney violently disagreed with this assertion and, since the record was not clear, we remanded the case to the district court for the limited purpose of holding another evidentiary hearing and with specific directions to determine whether attorney Pierce had assisted Froniabarger in becoming a government informer before or after appellant's trial. In compliance with our remand, Judge Hunter held another evidentiary hearing on April 13, 1973. Appellant was present and was represented by the Public Defender and one of his assistants. After the hearing, the court filed findings of fact and again held that there was no impropriety in Mr. Pierce's representation of appellant. The findings of Judge Hunter and the transcript of the April 13 proceedings have been certified to this court and have received our careful consideration. The matter is now ripe for a decision.

A chronology of the pertinent proceedings and facts will serve to demonstrate the basis for appellant's claim that he was denied effective representation of counsel.

1. On July 3, 1969, the trial of appellant and Froniabarger, jointly indicted, commenced. Appellant was represented by the Public Defender; Froniabarger was represented by Mr. Pierce. On July 7, the court granted a severance to Froniabarger, and declared a mistrial as to him.[1] An eventual jury deadlock resulted in a declaration of mistrial as to appellant also, and a new trial was ordered.

2. Appellant's second trial, which resulted in his conviction, began on July 29, 1970, and was terminated on July 30. Some time prior thereto appellant employed Mr. Pierce, and the latter represented appellant at the trial and on appeal.

---

1. Later, Froniabarger pled guilty. See United States v. Froniabarger, 467 F.2d 845 (8th Cir. 1972).

3. Commencing on or about October 16, 1969, Froniabarger was "tried out" as a government informer. His service proved to be unsatisfactory and he was terminated about March 14, 1970.

4. When appellant employed Mr. Pierce, Froniabarger was not an informant and Pierce had no knowledge that Froniabarger had ever acted in such a capacity. Froniabarger was not an informer on July 29 and 30, 1970, the trial dates of appellant.

5. Some time after appellant's second trial and conviction, Mr. Pierce did assist Froniabarger in another attempt to become an informer.

Based upon the foregoing facts, which stand undisputed, Judge Hunter in his findings filed April 26, 1973, concluded that:

"Mr. Pierce's participation in assisting Mr. Froniabarger to become an informer occurred subsequent to Lee Andrew Whitlock's conviction.

"Under the peculiar circumstances of this case, it is clear that Mr. Pierce did not have a conflict of interest at any time prior to the conviction of Lee Andrew Whitlock."

We affirm the decision of the district court.

■ There can be little, if any, dispute as to the principles governing the basic question presented by this appeal. The right of the accused to effective representation of counsel is fundamental. As a corollary to this principle, "the 'Assistance of Counsel' guaranteed by the Sixth Amendment contemplates that such assistance be untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests. If the right of counsel means less than this, a valued constitutional safeguard is substantially impaired." Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 465, 86 L.Ed. 680 (1942). See Austin v. Erickson, 477 F.2d 620 (8th Cir. 1973). But it is also settled law that joint representation of codefendants is not per se a violation of the Sixth Amendment. See United States v. Williams, 429 F.2d 158 (8th Cir. 1970), where we dealt with the issue of dual representation and conflict of interest and cited numerous cases which had considered the issue.

■ Here, appellant's basic claim of ineffective assistance of counsel is rooted in the undisputed circumstance of Mr. Pierce's representation of Froniabarger at the first trial coupled with representation of appellant in the second trial. Certainly, no one could assert that Pierce's representation, first of Froniabarger, and later of appellant, would per se run counter to any rule of law or to the mandate of the Sixth Amendment. And such a contention is not urged upon us. But appellant seizes upon the short tenure of Froniabarger from October 16, 1969, to March 14, 1970, as a prospective informer for the Bureau of Narcotics and Dangerous Drugs (BNDD). From this circumstance appellant deduces that Mr. Pierce made available information to Froniabarger which somehow incriminated or prejudiced appellant, in violation of Mr. Pierce's duty and obligation to render full allegiance and loyalty to appellant in defending the narcotic charges. Appellant assumes too much. There is not a shred of evidence to show that Mr. Pierce imparted any information at *any* time to Froniabarger which related to the charges against appellant. And, as we have observed, and as Judge Hunter very properly found, Mr. Pierce knew nothing of Froniabarger's activities as a would-be informer until after appellant had been tried and found guilty.

■ The question raised by appellant presented an issue of fact and on this record we are satisfied that Judge Hunter reached the only conclusion properly inferable from the evidence, that is, that "Mr. Pierce did not have a conflict of interest at any time prior to the conviction of Lee Andrew Whitlock." By way of addendum, and in view of the rather serious nature of the charges which, if true, would reflect upon Mr. Pierce's standing as a member of the bar, we

take occasion to observe that Mr. Pierce has appeared in this court in a number of cases and has always conducted himself in accordance with the high traditions of the legal profession.

The order appealed from is affirmed.