**Malcolm Ralph MORRISON, Defendant-Appellant,**

v.

**UNITED STATES of America, Plaintiff-Appellee.**

No. 73–1442.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1973.

Decided Feb. 12, 1974.

Clyde A. Christian, Omaha, Neb., for appellant.

Stephen Muehlberg, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before GIBSON and ROSS, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

TALBOT SMITH, Senior District Judge.

This is an appeal from a conviction for passing a counterfeit $20 bill (Count I) and for possession of an additional $400 of counterfeit currency (Count III).[1]

The appellant ordered two beers at Marina Inn on February 5, 1972 and paid for them with a $20 bill. The waitress who served him testified that "this one looked so obvious that it just caught our attention." She took it to the bartender. He thought that "the face on it looked funny." He called the other bartender, who had previously worked in a bank as teller and had had training in the detection of counterfeit currency. He thought that the bill was counterfeit and so informed the owner,

Mr. Carlson, who in turn called the police. The arresting officer did not, after receiving the bill from Mr. Carlson, make a personal determination as to its valid or counterfeit character, but arrested the appellant upon the charge made. At the time of the arrest, appellant was sitting in a leased vehicle in the parking lot. The car was returned by the police to the rental company the following day. It was again rented, on the day immediately thereafter, to another lessee who found $400 in counterfeit currency secreted under a headrest in the car. This currency was the subject of the charge of possession in Count III.

In his interview with agents of the Secret Service on February 6, the appellant was informed of his rights, but refused to sign a waiver thereof on a form submitted to him. Thereafter he refused to make any statement regarding the incidents on February 5, 1972, but did furnish general information "such as his name, age, employment and prior criminal record." He also informed the agents that he was "presently on parole from a federal counterfeit conviction in Las Vegas, Nevada."[2] The general information thus furnished is sometimes described as the "processing" of a suspect, for purposes of identification.

At the trial, over appellant's objection, a certified, exemplified copy of his former conviction was received into evidence. The evidentiary use of this conviction as evidence of appellant's intent,[3] is the focal point of this appeal. Appellant argues 1) that the February 5th arrest was illegal as made without probable cause and hence any statement made thereafter "was not admissible under *Wong Sun* * * *;"[4] and 2) that the

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Both counts charge a violation of 18 U.S.C. § 472.

2. Court's Memorandum and Order, April 10, 1973.

3. The jury was warned in the Government's final arguments and. in the court's Instruction # 12 that evidence of the prior conviction could be considered only as going to the intent to defraud and for no other purpose.

4. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

"admission of the prior criminal conviction [w]as a violation of *Miranda* * * *." [5]

We turn first to the legality of the arrest. The pertinent Nebraska statute, R.S.Neb. § 29–404.02 (Supp.1969), provides:

"A peace officer may arrest a person without a warrant if the officer has reasonable cause to believe that such person has committed:

(1) A felony; * * *."

■ It is appellant's argument that upon the facts before us there was no "probable cause" [6] for his arrest. He would require that the arresting officer, Mr. Ross, by personally inspecting the dubious bill in the parking lot, "determine the character of the bill" before making the arrest, and, in addition, that he question the "other employees of the Marina Inn who had observed defendant." Such are not the demands of probable cause upon these facts. There is no constitutional or statutory requirement that before an arrest can be made the officer must conduct a trial. Lathers v. United States, 396 F.2d 524 (5th Cir. 1968). As we held in United States v. Stratton, 453 F.2d 36 (8th Cir. 1972), cert. denied, 405 U.S. 1069, 92 S.Ct. 1515, 31 L.Ed.2d 800 (1972), probable cause is to be determined upon the objective facts available to the arresting officer at the time of the arrest. He must appraise the type and nature of the offense charged, the substance and apparent reliability of the complaint made to him, and the identity of and knowledge possessed by the complainant, together with other relevant facts and circumstances. "In dealing with probable cause * * * as the very name implies, we deal with probabilities * * *. [T]hey are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technician, act." [7] For such determination there can be no formula, each case being decided "on its own facts and circumstances." [8] So tested, and upon the totality of the circumstances presented, there was probable cause for the arrest made. United States v. Masini, 358 F.2d 100 (6th Cir. 1966). Thus to the degree that illegal arrest may be found to fault statements or admissions made by the appellant so arrested, *cf. Wong Sun, supra,* the doctrine finds no application here.[9]

■ The difficulty with appellant's attempted use of *Miranda, supra,* to suppress his statements, lies in the nature of the statements made by appellant without counsel and after refusing to sign a waiver.[10] At the root of the *Miranda* proscriptions was the vice of "obtaining evidence against an accused through 'the cruel, simple expedient of compelling it from his own mouth,'"[11] of forcing the appellant himself to self-condemnation. We do not have such here. What we have is the appellant's *criminal record.* It is not a matter of either privilege or privacy. It does not concern "a private inner sanctum of individual feeling and thought"[12] forbidden to "state intrusion to extract self-

---

**5.** Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**6.** That probable cause and reasonable cause have essentially the same significance in this context. *See* United States v. Carney, 328 F.Supp. 948 (D.Del.1971), aff'd 455 F.2d 925 (3d Cir. 1972).

**7.** Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949).

**8.** Go-Bart Importing Co. v. United States, 282 U.S. 344, 357, 51 S.Ct. 153, 158, 75 L.Ed. 374 (1931).

**9.** *See* Rogers v. United States, 330 F.2d 535 (5th Cir. 1964).

**10.** The form used in this case by the Secret Service agents consists of two parts, first "the warning of the constitutional rights," which was signed by defendant, the second "a waiver of rights" which defendant refused to sign.

**11.** Schmerber v. California, 384 U.S. 757, 763, 86 S.Ct. 1826, 1831, 16 L.Ed.2d 908 (1966).

**12.** Couch v. United States, 409 U.S. 322, 327, 93 S.Ct. 611, 615, 34 L.Ed.2d 548 (1973).

condemnation." [13]   On the contrary we have a matter of public record, pertaining to and involving appellant's identification.   Its disclosure after lawful arrest, whether by appellant himself, or another, is clearly not a matter of self-incrimination.

▆ Appellant also urges that the evidence was insufficient to go to the jury on Count III, relating to the counterfeit money found in the headrest of the car used by appellant, and in which he was sitting when arrested.   Some of this money bore the identical front plate, back plate, and serial numbers as the bill described in Count I.   The sentence imposed upon conviction was ten years, upon both counts, the sentences to run concurrently.   As to Count III we apply the concurrent sentence rule, that a conviction will be sustained on appeal where concurrent sentences have been given if the appellant has been properly convicted under any count which is valid and sufficient in itself, and where the collateral legal consequences which might flow from the added conviction are remote.   *Cf.* Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); United States v. Whitlock, 442 F.2d 1061 (8th Cir. 1971).   We therefore do not pass on the evidentiary issues argued with respect to this count.

We have considered with care the remaining allegations of error argued by appellant but find no merit therein.

The judgment is affirmed.

GIBSON, Circuit Judge (concurring).

I concur in the opinion of Judge Smith but would also reach the validity of the judgment under Count III.   The evidence was persuasive and was clearly adequate to support a judgment under Count III, and the objections raised thereto by the defendant are without merit.   I therefore would affirm the judgment entered under Count I and Count III.