917 F.2d 1306
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jhonathon D. WHITE, Plaintiff-Appellant,
v.
Stewart SMITH, Defendant-Appellee.
 No. 89-3472.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 30, 1990.*
Decided Nov. 2, 1990.
 
 Before BAUER, Chief Judge, and WOOD, JR. and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Jhonathon D. White brought this action under 42 U.S.C. Sec. 1983 against the defendant, police officer Stewart Smith, alleging that his constitutional rights were violated when he was arrested without probable cause for obscene performance pursuant to sections 35-49-3-2 and 35-49-2-1 of the Indiana Code. The district court granted Smith's motion for summary judgment on the ground that he was immune from damages under Malley v. Briggs, 475 U.S. 335 (1986).[1] White appeals, and we affirm.
 
 
 2
 According to the Supreme Court, the standard for immunity in a case like this is "whether a reasonably well-trained officer in petitioner's position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." 475 U.S. at 345. Using this standard here, we agree with the district court that Smith acted in an objectively reasonable manner in applying for the warrant to arrest White. Smith had information that White took nude pictures of his daughter, Desteny, and told her to act like she was in a nude magazine; that Desteny had an unusual knowledge of oral sex for a seven year old child; that White taught Desteny about sex and showed her movies of naked men and women when her mother was not home; and that White touched Desteny in the wrong places. Based on this information, we find that the district court's conclusion of qualified immunity was not clearly erroneous, see Hughes v. Meyer, 880 F.2d 967, 969 (7th Cir.1989), cert. denied, 110 S.Ct. 2172 (1990), and therefore affirm its judgment.[2]
 
 
 3
 White contends that Smith acted unreasonably because he failed to interview the White family or locate any nude photographs. This contention lacks merit. We have stated previously that "[t]here is no constitutional or statutory requirement that before an arrest can be made the police must conduct a trial." Gramenos v. Jewel Cos., 797 F.2d 432, 439 (7th Cir.1986) (quoting Morrison v. United States, 491 F.2d 344, 346 (8th Cir.1974) (probable cause found despite police officer's failure to question witnesses who saw defendant or to inspect counterfeit bill)), cert. denied, 481 U.S. 1028 (1987). It was reasonable for Smith to conclude that any questioning of Desteny was unnecessary, in view of her refusal to talk to a welfare worker about her home life, and perhaps even harmful, in view of her fear of her father and the possibility of reprisal. See Robison v. Via, 821 F.2d 913, 922 (2d Cir.1987). It was also reasonable for Smith to avoid questioning White and his wife, in view of the danger that photographs might be destroyed. See BeVier v. Hucal, 806 F.2d 1123, 127 (7th Cir.1986). That Smith relied, in part, on hearsay statements from teenage witnesses when he applied for the arrest warrant made his actions no less reasonable. See Myers v. Morris, 810 F.2d 1437, 1456 (8th Cir.) ("We reject the inference that law enforcement personnel are necessarily less entitled to rely on details of criminal activity described by children than those described by adults."), cert. denied, 484 U.S. 828 (1987); cf. Franks v. Delaware 438 U.S. 154, 165 (1978) (probable cause may be founded upon hearsay and upon information received from informants).
 
 
 4
 White also contends that the affidavit contained intentional misrepresentations. This contention likewise lacks merit. White failed to make a substantial preliminary showing that Smith made false statements in his warrant application. See Perlman v. City of Chicago, 801 F.2d 262, 264-65 (7th Cir.1986), cert. denied, 480 U.S. 906 (1987).
 
 
 5
 Given our conclusion that Smith was entitled to qualified immunity, we do not address White's remaining contentions regarding the Eleventh Amendment, the Indiana statute of limitations and judicial immunity, except to point out that the district court's reference to Sec. 31-6-11-7 of the Indiana Code was merely an observation on its part and not a ground for its decision.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Plaintiff-Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs and the record
 
 
 [1]
 We conclude that the district court's Order on Motions for Summary Judgment was intended to be the final decision in this action, and therefore is appealable despite the absence of a separate judgment pursuant to Fed.R.Civ.P. 58. See TMF Tool Co. v. Muller, Nos. 89-1855 & 89-1881, slip op. at 5 (7th Cir. Aug. 16, 1990)
 
 
 [2]
 To the extent that White asserts a claim under 42 U.S.C. Sec. 1983 for malicious prosecution, the cloak of qualified immunity protects Smith from this claim as well. Cf. Schertz v. Waupaca County, 875 F.2d 578, 582 (7th Cir.1989) (existence of probable cause for arrest is absolute bar to Sec. 1983 claim for malicious prosecution)