**UNITED STATES of America, Appellee,**

v.

**Joseph LaMACCHIO and Louis Felix Tuccillo, Appellants.**

**Nos. 15381, 15382.**

United States Court of Appeals
Third Circuit.

Argued Feb. 4, 1966.

Decided June 23, 1966.

Joseph M. More, Philadelphia, Pa., for appellants.

Robert A. Baime, Asst. U. S. Atty., Newark, N. J., (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief) for appellee.

Before STALEY, SMITH and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

WILLIAM F. SMITH, Circuit Judge.

The appellants were tried and convicted on each of four counts of an indictment charging them with the armed robbery of a bank in violation of § 2113 of Title 18 U.S.C.A. They challenge the validity of their convictions solely on the ground that certain evidence, a portion of the proceeds of the robbery,[1] was improperly introduced at the trial over their timely objection. They maintain that the evidence was obtained as a result of an illegal search and seizure and was therefore inadmissible. The propriety of the search and seizure depends upon the legality of warrantless arrests made by special agents of the Federal Bureau of Investigation shortly after the robbery.

The authority of agents of the Bureau to arrest without a warrant is derived from § 3052 of Title 18 U.S.C.A., as amended, which reads in pertinent part as follows:

"The Director, * * * and agents of the Federal Bureau of Investigation * * * may * * * make arrests without warrant * * * for any felony cognizable under the laws of the United States if they have *reasonable grounds* to believe that the person to be arrested has committed or is committing such felony." (Emphasis supplied).

The "reasonable ground" requirement of the statute is equivalent to the "probable cause" requirement of the Fourth Amendment. Henry v. United States, 361 U.S. 98, 100, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); United States v. Elgisser, 334 F.2d 103, 109 (2nd Cir. 1964), cert. den., Gladstein v. United States, 379 U.S. 879, 85 S.Ct. 148, 13 L.Ed.2d 86. The legality of the warrantless arrests here in question must be tested by this standard. If they were made without probable cause the subsequent search and seizure was illegal.

Probable cause exists where the facts and circumstances within the knowledge of the arresting officers, and of which they had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in believing that an offense

---

1. This evidence was also the subject of a pretrial motion to suppress which was denied.

has been or is being committed and that the person to be arrested was or is the offender. Henry v. United States, supra; Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); United States v. Elgisser, supra; Williams v. United States, 308 F. 2d 326 (D.C.Cir. 1962).

■ It is uncontroverted that the crime for which the arrests were made had been committed. The narrow question which must be determined is whether the arresting officers had reasonable grounds to believe that the appellants were the offenders. This determination must be based upon a consideration of the totality of facts and circumstances. United States v. Bianco, 189 F.2d 716, 721 (3rd Cir. 1951); Ralph v. Pepersack, 335 F.2d 128, 132 (4th Cir. 1964), cert. den. 380 U.S. 925, 85 S.Ct. 907, 13 L.Ed. 2d 811.

On the morning of October 16, 1964, shortly after 9 A.M., the Pine Brook office of the State Bank of North Jersey was robbed by two men wearing stocking masks. The bank employees described one of the suspects as a white male approximately six feet tall and weighing 200 pounds, possibly an Italian having a large Roman nose and wearing a dark raincoat and brown shiny shoes of the loafer type. They described the second suspect as a white male approximately five feet five inches tall, having sharp features and weaing a dark raincoat over a business suit.

The supervisor of the local office of the Bureau communicated the descriptions to three experienced agents who were assigned to maintain a surveillance at the Pennsylvania Railroad Station in Newark, approximately fourteen miles from the scene of the robbery. For several months prior to this assignment two of the agents had been engaged in the investigation of a group suspected of bank robberies in Mercer and Union Counties. The appellants were among those under investigation. In connection with their investigation the agents carried on their persons photographs of possible suspects, including one of LaMacchio which had been obtained from the Sheriff of Mercer County. Moreover, the agents had been informed by law enforcement officials of the said county that the appellants and two others were the subjects of an indictment charging them with armed robbery.

At approximately 10:25 A.M., the agents observed the appellants alighting from a taxicab in front of the main entrance to the railroad station. Their general appearances corresponded to the descriptions furnished by the bank employees, except that they were not wearing raincoats. As the appellants entered the station, each of them carrying a brown paper bag, the agents approached them and identified themselves; they recognized LaMacchio immediately and Tuccillo after he had given his name in response to an inquiry. The appellants were placed under arrest and the paper bags containing a part of the proceeds of the robbery were seized.

■ The arrests in this case were made on the basis of descriptions furnished by the bank employees and background information obtained by the agents in their earlier investigations. If the information in the possession of the arresting officers concerned only the background of the appellants the arrests would have been illegal. Beck v. State of Ohio, 379 U.S. 89, 97, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). Whether, standing alone, the descriptions would have been sufficient to justify the arrests without a warrant we need not decide. Cf. Draper v. United States, supra. However, the combination of facts and circumstances existing in this case was sufficient to warrant a reasonable belief that the appellants perpetrated the crime in question.

The judgments of the court below will be affirmed.