**UNITED STATES of America,**
**Appellee,**

v.

**Edward James STRATTON, Appellant.**

**No. 71–1158.**

United States Court of Appeals,
Eighth Circuit.

Jan. 5, 1972.

Certiorari Denied April 17, 1972.
See 92 S.Ct. 1515.

R. William Breece, Jr., St. Louis, Mo., for appellant.

William C. Martin, Asst. U. S. Atty., Daniel Bartlett, Jr., U. S. Atty., for appellee.

Before GIBSON, BRIGHT and ROSS, Circuit Judges.

GIBSON, Circuit Judge.

The defendant was convicted in a jury trial of possessing two counterfeit $5 federal reserve notes in violation of 18 U.S.C. § 472,[1] and was sentenced to a six-year term of imprisonment. During the course of the trial the defendant moved to suppress the evidence obtained incident to the arrest of the defendant, claiming the Government had failed to show probable cause for the warrantless arrest. While the defendant admits the existence of objective factors sufficient to constitute probable cause for a warrantless arrest he contends that the officers making the arrest were not possessed of this knowledge.[2]

Under Title 18 U.S.C. § 3056, Secret Service agents are authorized to make arrests without warrant for offenses committed in their presence or if they have reasonable ground to believe that the person to be arrested has committed or is committing a felony cognizable under the laws of the United States.[3] The

1. The information filed charged three counts; the other two counts dealt with separate passings of the counterfeit $20 federal reserve note and a counterfeit $10 obligation of the United States. The jury was unable to agree on these two counts and a mistrial was declared in regard thereto.

2. It appears from the record that the arresting agents had been informed by the United States Attorney's office that a warrant of arrest would be issued on November 27, 1970, the day of the actual arrest; however, due to the unavailability of a magistrate over the weekend period, the warrant was not actually issued until November 30, 1970. Thus the validity of

the arrest in this case must be determined according to the standards of a warrantless arrest.

3. 18 U.S.C. § 3056 provides in pertinent part:

"In the performance of their duties under this section, the Chief, Deputy Chief, Assistant Chief inspectors and agents of the Secret Service are authorized to make arrests without warrant for any offense against the United States committed in their presence, or for any felony cognizable under the laws of the United States if they have reasonable grounds to believe that the person to be arrested has committed or is committing such felony."

defendant contends that on the basis of Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964) and United States v. La Macchio, 362 F.2d 383 (3d Cir.), cert. denied, 385 U.S. 992, 87 S.Ct. 606, 17 L.Ed.2d 453 (1966), the facts and circumstances comprising probable cause must be within the knowledge of the arresting officers at the moment of the arrest.[4]

We believe this to be a too literal reading of the above cases and that probable cause is to be determined upon the objective facts available for consideration by the agencies or officers participating in the arrest; otherwise each individual officer would have to be fully briefed or informed of all of the essential factors in each case before proceeding to make an arrest upon probable cause. The objective facts related to the Secret Service agents prior to the arrest in this case are as follows: two different individuals who testified in the case previously notified the agents that the defendant had passed to them different and separate counterfeit notes or obligations and had tried to pass what appeared to be a counterfeit note which was refused. It was from this evidence that the District Court concluded the Secret Service agents had reason to believe the defendant was passing counterfeit notes and thus to effect his arrest.

The defendant does not dispute the sufficiency of the collective information available to the Secret Service agents to establish probable cause to believe that defendant had committed a felony in passing the counterfeit notes, but claims that the arresting agents were not personally possessed of this knowledge.

We think the knowledge of one officer is the knowledge of all and that in the operation of an investigative or police agency the collective knowledge and the available objective facts are the criteria to be used in assessing probable cause. The arresting officer himself need not possess all of the available information. As stated in Stassi v. United States, 410 F.2d 946 (5th Cir. 1969), "The officers involved were working in close concert with each other, and the knowledge of one of them was the knowledge of all. United States v. Romero, 2d Cir., 249 F. 2d 371, 374" *Id.* at 952, n. 7.

We have very recently passed on this issue in White v. United States, 448 F. 2d 250 (8th Cir. 1971); our discussion there was directed to the question of probable cause for a warrantless search, but it is equally applicable to the question of probable cause for a warrantless arrest:

> "It may be noted that in assessing the probable cause which existed for the search of this car, while the record clearly shows all the information discussed above, it does not make it entirely clear that each and every officer possessed every item of information which combined to create the probable cause. However, 'in determining whether probable cause existed we must evaluate the collective information of all the officers.' Wood v. Crouse, 436 F.2d 1077, 1078 (10th Cir. 1971); Turk v. United States, 429 F. 2d 1327, 1331 (8th Cir. 1970); United

---

4. United States v. La Macchio, 362 F.2d states at 384–385:

"Probable cause exists where the facts and circumstances within the knowledge of the arresting officers, and of which they had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in believing that an offense had been or is being committed and that the person to be arrested was or is the offender."

Beck v. State of Ohio, 379 U.S. at 96, 85 S.Ct. at 228 states:

"When the constitutional validity of an arrest is challenged, it is the function of a court to determine whether the facts available to the officers at the moment of the arrest would 'warrant a man of reasonable caution in the belief' that an offense has been committed. Carroll v. United States, 267 U.S. 132, 162 [45 S.Ct. 280, 288, 69 L.Ed. 543]. If the court is not informed of the facts upon which the arresting officers acted, it cannot properly discharge that function."

**38**

States v. Trabucco, 424 F.2d 1311, 1315 (5th Cir.), cert. dismissed, 399 U.S. 918, 90 S.Ct. 2224, 26 L.Ed.2d 785 (1970); Smith v. United States, 123 U.S.App.D.C. 202, 358 F.2d 833, 835, cert. denied, 386 U.S. 1008, 87 S. Ct. 1350, 18 L.Ed.2d 448 (1966).

"Nor does the fact that at the time of the search, the officers did not completely and correctly articulate their grounds for the search invalidate it, if in fact from an objective standpoint probable cause existed. 'The test of probable cause is not the articulation of the policeman's subjective theory but the objective view of the facts.' Dodd v. Beto, 435 F.2d 868, 870 (5th Cir. 1970); Klingler v. United States, 409 F.2d 299, 304 (8th Cir.), cert. denied, 396 U.S. 859, 90 S. Ct. 127, 24 L.Ed.2d 110 (1969); Smith v. United States, 402 F.2d 771 (9th Cir. 1968); Sirimarco v. United States, 315 F.2d 699, 702 (10th Cir.), cert. denied, 374 U.S. 807, 83 S.Ct. 1696, 10 L.Ed.2d 1032 (1963)." *Id.* at 254.

In a somewhat analogous context, the Supreme Court has held that arresting officers are entitled to rely on the knowledge possessed by other officers in making arrests. In Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), the question before the Court was whether an arrest pursuant to a warrant was valid. While the Court held that the affidavit supporting the issuance of the warrant was insufficient, it also clearly indicated that the arresting officers were nevertheless entitled to act upon the request of their fellow officers.

"We do not, of course question that the Laramie police were entitled to act on the strength of the radio bulletin. Certainly police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite

to support an independent judicial assessment of probable cause." *Id.* at 568, 91 S.Ct. at 1037.[5]

We think analogously here that the arresting officers were entitled to assume that the officers requesting aid had probable cause to make the arrest and where that fact is later judicially established, as it was here, the arrest is valid. Cf., Nash v. United States, 405 F.2d 1047, 1049–1050 (8th Cir. 1969).

It thus appears that the objective facts available to the agents were sufficient for probable cause to effect the warrantless arrest.

Judgment affirmed.

---

5. It should be pointed out that in *Whiteley,* no attempt was made by the State

to justify the arrest as a warrantless arrest.