**STATE of Missouri, Respondent,**

v.

**Gerald D. PETERSON, Appellant.**

**No. KCD 30270.**

Missouri Court of Appeals,
Western District.

June 11, 1979.

Robert G. Duncan, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Earl W. Brown, III, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P. J., and WASSERSTROM and CLARK, JJ.

CLARK, Judge.

Gerald D. Peterson appeals from his conviction of burglary second degree and stealing. Reversed.

The case against defendant was based on circumstantial evidence consisting of stolen articles and burglary tools. In this appeal defendant contends that the incriminating evidence was obtained by unlawful search and seizure in violation of rights protected by the Fourth Amendment and that the trial court erred in failing to suppress such evidence in response to defendant's motion.

A summary of the evidence presented at the suppression motion hearing is necessary to define the legal issues. That evidence consisted of a stipulation of facts filed by counsel and the testimony of witnesses called by defendant. In certain particulars hereafter identified, the evidence was conflicting. Facts not in controversy follow.

Between August 29 and September 1, 1975, the Poucher residence in St. Joseph was burglarized and personal property including a coin collection was taken. On the suggestion of an informant, officers conducted a search of a Kansas City residence owned and occupied by one Hamon. The search was made during early morning hours on September 9, 1975. Hamon gave his consent to the search. Although a search warrant had been obtained, it was neither served upon nor disclosed to Hamon. At the time of the search, defendant was not a suspect and was not present.

Among the areas of the Hamon residence searched was a basement room accessible from inside the house through an unlocked door and from an outside door which was locked. Hamon informed the officers that the basement room was rented to the defendant, that defendant had recently been in the room and that defendant carried a key to the outside door. Stolen articles and burglar tools were seized after a search of the basement room.

As a result of evidence obtained from the Hamon residence, a warrant was issued for defendant's arrest. The evening of September 9, 1975, a parked automobile was located matching a description broadcast of defendant's car. After a neighborhood investigation, defendant was found in a nearby apartment and was arrested.

At the time of defendant's arrest, his automobile was legally parked on a residential street and was locked. The police ordered the car towed to an impoundment

area and obtained the keys from defendant to facilitate the towing. Before the car was moved, an officer conducted an inventory search and identified for this purpose several items which included a notebook found on the rear seat of the car. The officer read through the notebook and found that it contained a listing of coins by year, denomination and value corresponding with the inventory of coins reported stolen in the Poucher burglary.

After defendant's automobile was towed to the police garage, a warrant to search the car was obtained based on an affidavit which recited the contents of the notebook and the other events described above. A search of the vehicle pursuant to the warrant resulted in the recovery of numerous coins and coin containers, all identified as the property of Poucher and missing after the burglary.

Defendant's motion to suppress the evidence seized from the basement room at the Hamon residence and from defendant's automobile was overruled. The case proceeded to trial before the court, defendant was found guilty and this appeal followed.

Defendant first challenges the validity of the warrant issued for the search of the Hamon residence on the grounds that the application for the warrant failed to comply with Sections 542.271 and 542.276 RSMo 1969 and that neither the reliability of the undisclosed informant nor the information conveyed by him through an intermediary was shown. These defects in the process which generated the warrant are apparent but do not present issues for resolution in this case. Under the agreed facts, the warrant was never executed and its existence was unknown to Hamon until after the search had been concluded and the officers had left the premises with the articles seized. Validity of the warrant is immaterial.

As the police officers failed to employ and rely on the warrant as the basis for their entry and search of the residence, availability to the state in this criminal prosecution of the evidence seized depends on a valid consent to the otherwise impermissible intrusion. The record, while not devoid of suggestive circumstances, does not permit a conclusion that Hamon's consent to the search was involuntary or coerced. The pertinent inquiry is as to Hamon's authority to consent to the search of the basement room and defendant's standing to assert a constitutional right to protection against the search without a warrant and without defendant's consent.

Evidence presented to the trial court on the motion to suppress was in conflict regarding defendant's status as a tenant in the basement room. While the parties did purport to stipulate as to relevant facts, the witnesses in their testimony did not adhere to the stipulation. Such stipulation included the following:

"13. Detective Austin testified at the preliminary hearing that * * * [Hamon] stated that defendant had not used the room for over two months and had not paid rent until one week prior to September 9, 1975 * * * ."

Significantly, the stipulation did not purport to conclude the issue of defendant's status as a tenant, only the fact of Austin's previous testimony. Indeed, when Austin subsequently testified at the suppression motion hearing conducted at the request of the trial court, his evidence was in apparent contradiction of the stipulation. He there related Hamon's statement as being to the effect that defendant had ceased being a rent-paying tenant a month and a half to two months before and defendant's recent access to the room was only on Hamon's consent that defendant could "store some stuff there". This latter version was confirmed by the testimony of detective Reed.

Hamon, called by defendant to testify in support of the motion to suppress, denied making the statements described by the officers and stated that defendant was, at the time of the search, a tenant in the basement room, had not vacated the premises and was current in his rent. In explanation of evidence which indicated Hamon's access to the room, he acknowledged entry to the room on occasion to "look around".

■ The warrantless search of a private dwelling can survive constitutional inhibition only upon a showing that the surrounding facts brought the search within one of the exceptions which excuse the requirement of the warrant. *Stoner v. California*, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). Initially, the entry of the officers was validated by the consent of Hamon who admitted them and permitted the search. As to the basement room, however, defendant contended by his motion that the consent was ineffective and it was therefore incumbent upon defendant to show a sufficient interest in the premises to establish himself as a person aggrieved and as one entitled to a reasonable expectation of privacy. *Rakas et al. v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *In re J.R.M.*, 487 S.W.2d 502 (Mo. banc 1972).

The evidence, as previously noted, presented an issue of fact as to defendant's use, occupancy and tenancy in the basement room. The only direct evidence was that of Hamon and, if believed, would have established defendant's interest in the premises sufficient to avoid the warrantless search of the room and invalidate for evidentiary use the articles seized. Hamon's testimony was, however, impeached by testimony of the officers who related an earlier and contradictory statement by Hamon describing defendant's occupancy and rent-paying status.

■ Although the trial court here made no express findings of fact, the order overruling defendant's motion to suppress the evidence seized from the basement room must necessarily have been premised on disbelief of Hamon's testimony. The trial court is, of course, entitled to accept or reject on grounds of credibility the testimony of any witness and such belief is binding on this court. *State v. Oldham*, 546 S.W.2d 766 (Mo.App.1977); *State v. Alewine*, 474 S.W.2d 848 (Mo.1971). Upon failure of Hamon's testimony, defendant having not been present at the time of the search and having otherwise shown no interest in the premises, he lacked standing to invoke Fourth Amendment rights or to complain that Hamon's consent to the search was deficient. The articles seized from the basement room were therefore properly received in evidence and no error is found in the trial court's order overruling the motion to suppress such evidence.

Defendant next contends that evidence seized from his automobile, although preceded by a warrant authorizing the search, was nevertheless the product of an unlawful search because based on an initial intrusion which was unlawful. As probable cause to acquire the warrant was generated solely from the products of the inventory search preparatory to towing the vehicle, legitimate prosecutorial acquisition of the incriminating evidence depends upon an initially valid impoundment of the vehicle which created sanction for police inventory of the contents and the succeeding discovery of tools and fruits of the burglary. Of course, ultimate recovery of contraband does not retroactively validate original entry into the vehicle without a warrant. *Byars v. United States*, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520 (1927). Applicable standards controlling admission of evidence obtained from defendant's car are therefore those imposed in warrantless searches of vehicles despite the warrant procured here after the contents inventory had been made.

■ Consistent with the protection afforded by the Fourth Amendment, warrantless searches are prima facie invalid and may be subsequently condoned only if shown to have been justified by reason of specific exceptions. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The burden is on the state to justify failure to procure a warrant. *United States v. Jeffers*, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951). Searches of automobiles are, in general, subject to the same proscriptions attendant upon warrantless searches of dwellings, *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564

(1971), although the expectation of privacy is somewhat less in an automobile than in a home. *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). The inherent mobility of automobiles and circumstances of public traffic, safety and regulation distinguish the nature of exceptions and specification of exigent circumstances which justify warrantless searches of vehicles. *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) (moving vehicle transporting contraband); *Cady v. Dombrowski*, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973) (damaged automobile at accident scene); *South Dakota v. Opperman, supra* (automobile in violation of parking restrictions).

■ The facts of the subject case severely limit the state's opportunity to seek justification for the warrantless search of defendant's automobile on exigent circumstances or exceptional conditions approved under previous Fourth Amendment cases. Defendant's arrest in the nearby apartment precludes any contention that seizure and search of the car was incident to the arrest. No factual basis was advanced to show probable cause for belief that a search of the car would reveal evidence of the crime nor was there any evidence that were probable cause to be assumed, immediate measures to safeguard potential evidence were needed because of any likelihood that the vehicle would be removed and secreted. Understandably, the state limits its argument on appeal to a contention that the police, having placed defendant under arrest, were under some obligation to arrange for the safekeeping of defendant's automobile and this, in turn, required the concomitant inventory preliminary to impoundment.

Assuming, arguendo, that circumstances could arise in which the automobile of a suspect placed under arrest would be so located as to be subject to imminent peril of damage or loss and that arresting officers thereupon incur some responsibility to safeguard the arrestee's property, such were not the facts here. Defendant's car was lawfully parked on a residential street and

was locked as, no doubt, were numerous vehicles of other apartment residents in the neighborhood. In no manner would the evidence support a conclusion that the vehicle or its contents were in any greater circumstance of hazard after defendant's arrest than before nor was there any showing that the vehicle was obstructing traffic or interfering with public access or private transit. Rather, the inference is inescapable that the proffered concern for defendant's property was pretextual to justify an otherwise impermissible investigatory search.

Cases cited by the state do not support the inventory search of defendant's car. *South Dakota v. Opperman, supra*, involved an unoccupied vehicle impounded by reason of violation of overnight parking restrictions. In *United States v. Kelehar*, 470 F.2d 176 (5th Cir. 1972), the car was in a restaurant parking lot and was removed by police at the request of the restaurant manager. While *Cardwell v. Lewis*, 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974) may not be as readily distinguished because impoundment of defendant's car from a parking lot lacked any basis other than the purpose of investigatory search, the sanction was limited expressly to an exterior inspection of tires and paint. The plurality opinion did not approve access to the interior of the vehicle even for mere inventory.

■ In a well reasoned and comprehensive opinion, the Supreme Court of New Jersey in *State v. Ercolano*, 79 N.J. 25, 397 A.2d 1062 (1979), on facts similar to the case at bar, reviewed development of automobile impoundment-inventory cases and concluded that if there be an "automobile exception" to the Fourth Amendment warrant requirement, the key to the exception lies in the mobility of the vehicle and the impracticality of previously obtaining a warrant under the circumstances then obtaining. (See also *State v. Slockbower*, 79 N.J. 1, 397 A.2d 1050 [1979] contemporaneously decided). In short, the impoundment which precedes the inventory search without a warrant is justified only if the vehicle is associated with the commission of an offense or

the arrest of the defendant or, if the location or condition of the vehicle is such that the safety or interest of the public requires its removal and police intervention is the only viable option.

Assumption by the police of responsibility for safekeeping of an arrestee's automobile is not, per se, a prohibited activity and may, in appropriate circumstances, provide a laudable service. The practice not to be permitted is employing property protection as a subterfuge to avoid securing a warrant to search for incriminating evidence. If, in fact, the object is to protect the car, the owner may in most instances be able to take reasonable steps to safeguard his property, if permitted, or to contact others to do so for him. In neither option is available because of incapacity or absence, rolling up the windows and locking the doors will generally suffice. Impoundment, towing and inventory of automobiles over objection of the owners in many cases results in greater damage than the value of the property "safeguarded". *United States v. Lawson*, 487 F.2d 468 (8th Cir. 1973).

In summary, the uncontroverted facts of this case totally fail to justify impoundment of defendant's car by the police. The defendant was neither in nor near the vehicle when arrested, no evidence had been brought to the attention of the officers which associated the car with the offense under investigation, no public interest prompted removal of the car as an obstruction or hazard and no apparent risk of loss or damage to the vehicle required safekeeping measures.

■ Impoundment seizure of the car having been unwarranted, intrusion for inventory purposes was constitutionally impermissible as was the information derived therefrom. No approbation results from subsequent issuance of the search warrant as probable cause to issue the warrant was acquired from the unlawful inventory intrusion. All evidence seized from defendant's automobile was obtained in violation of defendant's Fourth Amendment rights to be secure in his effects against unreasonable search and seizure. Such evidence should have been suppressed and the trial court was in error in failing to sustain defendant's motion as addressed to the articles so obtained.

■ As a consequence of the decision here announced, it need not of necessity be concluded that insufficient evidence against defendant remains upon which a submissible case may be made. Coin wrappers and other papers bearing the name or identification of the burglary victim as well as tools importing some inferential relationship to the offense were recovered from the basement room as earlier described. This evidence is available for use by the state. The decision as to sufficiency of such evidence to support a conviction is, under the circumstances here, one appropriately assignable to the trier of the facts. Such distinguishes this case from *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *State v. Basham*, 568 S.W.2d 518 (Mo. banc 1978) and requires that the cause be remanded for retrial.

The judgment of conviction is reversed and the cause is remanded to the circuit court.

All concur.