**STATE of Missouri, Respondent,**

v.

**John Lee GIBESON, Appellant.**

**No. WD 31346.**

Missouri Court of Appeals, Western District.

March 2, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1981.

Application to Transfer Denied May 11, 1981.

Byron Neal Fox and Gerald H. Rosen, Kansas City, for appellant.

---

John Ashcroft, Atty. Gen., Jefferson City, Darrell Panethiere, Asst. Atty. Gen., Charles E. Atwell, Asst. Pros. Atty., Kansas City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

Appellant John Lee Gibeson was convicted, after a bench trial, of the offense of carrying a concealed weapon as then proscribed by § 564.610, RSMo 1969, and was sentenced to one year in the county jail. Gibeson appeals contending as his sole point of error that the warrantless search which revealed the gun was unlawful and that the trial court erred in admitting the firearm into evidence. Affirmed.

On December 30, 1978, in the early morning hours, Officer Turnbow of the Raytown, Missouri Police Department observed Gibeson driving erratically. After Gibeson made an illegal left turn, Turnbow stopped appellant who got out of his car and was noted by Turnbow to be glassy eyed, uncoordinated and apparently intoxicated. Turnbow placed Gibeson under arrest for careless and imprudent driving and driving while under the influence of alcohol.

Because Gibeson was alone in the car, Turnbow called for a tow truck to remove the vehicle to a private storage lot, the usual practice when a driver is arrested in an intoxicated condition. Preparatory to release of the vehicle to the Perfectow Tow Company, a private contractor, Turnbow conducted a routine inventory search of the interior of the car. During the search, a .357 Magnum revolver was found beneath the front seat.

In a pre-trial proceeding, appellant moved to suppress the gun found during the inventory search. While conceding that the police officer had probable cause to stop him, Gibeson contended then and reasserts now that the search of his automobile without a warrant was unreasonable under the Fourth Amendment to the United States Constitution and Art. I, § 14 of the Constitution of Missouri, and was not within exceptions which have approved warrantless searches.

■ Routine inventory searches without a warrant have constitutional sanction provided the initial seizure was legitimate and the search is reasonable in scope. *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). The governmental interests which justify the inventory search were described in *Opperman* as: (1) protection of the owner's property, (2) protection of the police against claims as to stolen or lost property, and (3) protection of the police from potential danger. Where, as here, the arrestee's automobile is to be impounded and placed in storage with the inherent risk that the contents may be subject to pilferage or later claims of missing articles may be lodged, the inventory search finds its most common application and logical basis.

■ Judicial determination of whether a warrantless search is constitutional depends on the particular facts in each case. Where the police must assume responsibility for the safekeeping of an arrestee's automobile either because it was associated with the commission of an offense or the arrest of the defendant or because public interest requires that the car be removed, impoundment and a search of the car is not, per se, a prohibited activity. *State v. Peterson*, 525 S.W.2d 599 (Mo.App.1975). Once the police have, on reasonable grounds, determined that seizure and protection of the automobile is indicated, a routine inventory search without a warrant is not violative of Fourth Amendment rights. *State v. Valentine*, 584 S.W.2d 92 (Mo. banc 1979).

*Valentine* involved a fact situation similar to the subject case. In *Valentine*, the car was observed to have made several passes in front of a business establishment and was stopped for inquiry of the driver, Valentine. When he stepped from the car, it was noted that he resembled a composite drawing of a robbery suspect and he was thereupon placed under arrest. Before removal of the automobile from the street, an inventory search in accordance with standard procedure of the department disclosed

a pistol hidden near the firewall where part of the car heater was missing. The search was held to have been permissible under *Opperman* and not violative of constitutional guarantees.

In the present case, the police were obligated to arrange for the removal and storage of Gibeson's car because Gibeson was incapable of driving by reason of his intoxicated state. The inventory search required by prevailing and standard regulations of the police department was initiated only after Gibeson had been arrested and a decision had been made to have the car towed to a storage lot. The search was squarely within the scope of warrantless inventory procedures approved in *Opperman*.

Gibeson acknowledges that probable cause existed for the police to stop his car because erratic driving indicated a potential traffic offense. He argues, however, that the asserted inventory basis for the search was pretextual and, in fact, the search was investigatory. He cites *State v. Meeks*, 467 S.W.2d 65 (Mo. banc 1971), and *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), among others. The cases upon which Gibeson relies are not pertinent. *Meeks* was overruled in *State v. Venezia*, 515 S.W.2d 492 (Mo. banc 1974), and *Chadwick* and similar cases which treat searches of automobile trunks and locked or sealed bags or containers have no application here where the weapon was discovered under the car seat.

The inventory search of the appellant's automobile was not a prohibited intrusion and there was no error in failing to suppress the evidence recovered in that search.

The judgment is affirmed.

All concur.