**STATE of Missouri, Respondent,**

v.

**L. W. TELFAIR, Appellant.**

**No. 44194.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 1, 1982.

Motion for Rehearing and/or Transfer
Denied July 16, 1982.

William J. Shaw, Lauren Weisfeld, Clayton, for appellant.

John Ashcroft, Kristie Green, Jefferson City, George Westfall, Clayton, for respondent.

CLEMENS, Senior Judge.

A jury found defendant L. W. Telfair guilty of first degree burglary and felonious stealing. The court sentenced him as a persistent offender to consecutive terms of twenty and ten years.

On appeal defendant raises three points (1) no probable cause to arrest him, (2) his identification was impermissibly tainted and (3) error in denying a mistrial when the prosecutor mentioned another crime.

The state's evidence: Prosecuting witness George Bailey was awakened by an intruder who fled when Bailey saw him face to face. Bailey dressed and drove to the police station and reported the burglary. When Bailey returned home he discovered his $283 cash was missing; and also that neighbor David Dawson had earlier seen defendant, whom Dawson knew by name, going away from the Bailey house. Bailey and Dawson reported this new information to the police who relayed it to other county and municipal police; defendant was soon arrested still wearing the clothes the victim had described and having $283 cash in his sock.

Police brought five mug shots to Bailey and Dawson; without telling them so, one of the pictures was of defendant. Both Bailey and Dawson picked defendant's picture as the burglar.

By defendant's first point he challenges denial of his motion to suppress identification and evidence on the ground there was no probable cause for his arrest. He bases this principally on the ground arresting officer Ballard did not testify. The testimony related above came from other police officers working on the case.

We deny defendant's contention there was no showing of probable cause to arrest him because the arresting officer did not personally testify. The trial court's ruling was proper under the principle laid down in *State v. Pruitt*, 479 S.W.2d 785 [1] (Mo. banc 1972) holding: "We think the knowledge of one officer is the knowledge of all and that in the operation of an investigative or police agency the collective knowledge and the available objective facts are the criteria to be used in assessing probable cause. The arresting officer himself need not possess all of the available information." (quoting *U. S. v. Stratton*, 453 F.2d 36 (8th Cir. 1972)).

We also deny defendant's contention his identification was impermissibly tainted. The victim's and his neighbor's observation of defendant near the time and place of the burglary and their in-court identification was positive. Their being shown the five mug shots, including defendant's, was in no way suggestive.

Last, defendant contends the court should have declared a mistrial because of the prosecutor's closing argument, which he contends mentioned another crime. Arresting officer Alexander who discovered the stashed money had testified defendant had explained "he wanted to shoot some craps". In the state's closing argument the prosecutor said "The defendant told Patrolman Alexander he got this money in a crap game."

This was not a clear declaration defendant had committed another crime. The prosecutor was simply commenting on the credibility of defendant's statement to officer Alexander; it was not an attempt to prove defendant had committed another crime.

A prosecutor has wide latitude in oral argument. *State v. Nichelson*, 546 S.W.2d 539 [9, 10] (Mo.App.1977). "As a general rule, the trial court has broad discretion in determining the propriety of oral argument and the appellate courts will not interfere in absence of a clear abuse thereof." *State v. Heinz*, 607 S.W.2d 873 [8, 9] (Mo.App. 1980). We deny defendant's last point.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.