STATE of Missouri,
Plaintiff-Respondent,

v.

Dale Wayne HOLT,
Defendant-Appellant.

No. 48061.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 11, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 5, 1985.

Robert B. Ramsey, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Mary Elise Burnett, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Presiding Justice.

Defendant Dale Wayne Holt appeals his jury conviction of first degree assault, § 565.050 RSMo 1978, first degree robbery, § 569.020 RSMo 1978, and armed criminal action, § 571.015 RSMo 1978. The trial court sentenced the defendant as a dangerous offender to a term of imprisonment of ten years on the assault charge, ten years on the robbery charge, and five years on the armed criminal action charge, the sentences to run consecutively.

The defendant contends that the trial court committed error by (1) denying his motion to suppress evidence discovered in a parked auto; (2) denying his motion to suppress an identification and his statements to police officers on the ground that the police lacked probable cause to arrest him in connection with the crime; (3) denying his motion to dismiss under the Speedy Trial Act; (4) denying his request for a mistrial after alleged misconduct on the part of the prosecutor during trial and (5) denying his motion for a judgment of acquittal. Judgment affirmed.

The relevant facts are as follows: On the evening of April 27, 1982, the victim, Laswell, was at a neighborhood tavern, the Bottoms Up, where he became acquainted with two unfamiliar men, the defendant and an accomplice, Hook. The three men drank beer and played pool together until the tavern closed, at which time the victim invited them to his home a few blocks away. The men left the tavern in the victim's auto.

They were in the victim's home a short time when Hook unexpectedly pulled out a gun, ordered the victim to lie face down, robbed him, and then hit him across the face with the gun. The defendant then held the gun on the victim while Hook tied his hands. Later in the basement of the dwelling, both the defendant and co-defendant kicked Laswell in the ribs as he was lying on the floor. Several items were then taken from the home.

Hook ordered the victim to get up and go to his auto. As the victim approached the door of the vehicle, he managed to swing around and hit Hook in the head unexpectedly. He then ran, but was felled by a bullet which struck him in the leg.

Shortly thereafter, the police arrived and the victim managed to briefly relate the events of the evening before being taken to the hospital. A search of the residence disclosed the following relevant evidence: the parties had been drinking "Busch" beer, there were "Kool" cigarettes butts in the ashtray, blood stains on the living room rug, and shell casings found lying near the outside back stairs.

An officer drove to the Bottoms Up tavern and noticed a solitary car parked on the lot. Looking inside he noticed it contained "Busch" beer bottles, a pack of "Kool" cigarettes, an empty "Kool" cigarette carton, and a box of 38 caliber Remington shells. He then radioed an officer at the Laswell residence and learned that the shells found near the house were also Remington 38 caliber. The car was towed to the police garage.

An inventory search of the glove compartment revealed a checkbook bearing the defendant's name and listing an address in St. Charles, Missouri. St. Charles police officers subsequently arrested the defendant and Hook near the defendant's home. Later that day, Laswell identified the defendant in a photo lineup shown to him at the hospital.

■ Defendant's first contention is that the trial court erred in denying his motion to suppress evidence discovered in the parked automobile. Although the defendant made a pretrial motion to suppress evidence discovered in the allegedly illegal

search, and raised this point again in his motion for a new trial, he neglected to object when the evidence found in the auto was introduced at trial. When a motion to suppress has been denied and the evidence is subsequently offered at trial, counsel must again make a timely objection in order to preserve the issue for appellate review. *State v. Yowell,* 513 S.W.2d 397, 402 (Mo.1974); *State v. Harris,* 670 S.W.2d 526, 528 (Mo.App.1984). Accordingly, our review is limited to plain error affecting substantial rights resulting in manifest injustice or miscarriage of justice. Rule 29.-12(b). We find no error plain or otherwise.

■ The warrantless search of the interior of the auto parked on the lot of the Bottoms Up Tavern falls squarely within the plain view exception to the warrant requirement. The plain view exception permits a officer to seize items without a warrant if: (1) the evidence is observed in plain view while the officer is in a place where he has a right to be; (2) the discovery of the evidence is inadvertent; and (3) it is apparent to the officer that he has evidence before him. *State v. Bellah,* 603 S.W.2d 707, 709 (Mo.App.1980), citing *State v. Collett,* 542 S.W.2d 783, 786 (Mo. banc 1976); *State v. Mansfield,* 668 S.W.2d 271 (Mo.App.1984).

■ The officer knew that the parties departed the tavern in the victim's auto. Thus, the police officer who investigated this crime had a right to be present on the parking lot where the auto was found. The "Busch" beer bottles, "Kool" cigarettes, empty "Kool" cigarette carton, and Remington Shells located in the interior compartment of the vehicle were in "plain view" of the officer when he glanced into the car. Second, the officer's discovery of the evidence was inadvertent for the reason that he could not have known in advance of its existence. Third, the officer had been at the victim's home earlier and recognized the items within the car as being similar to those located in the victim's home.

■ Furthermore, the defendant and Hook were neither identified nor apprehended at the time the officer discovered the vehicle. Since they could have returned and driven away in the vehicle exigent circumstances were present. *State v. Brown,* 476 S.W.2d 519, 522 (Mo.1972).

■ After towing the car to the police garage the officer discovered a defendant's checkbook in the glove compartment. A routine warrantless inventory search is constitutionally sanctioned provided the initial seizure of the car was legitimate and the search reasonable in scope. *State v. Gibeson,* 614 S.W.2d 14, 15 (Mo.App.1981). The impoundment which precedes an inventory search without a warrant, is justified only if *the vehicle is associated with the commission of an offense* or the arrest of the defendant or if the location or condition of the vehicle is such that the safety or interest of the public requires its removal and police intervention is the only reliable option. *State v. Peterson,* 583 S.W.2d 277, 281–282 (Mo.App.1979); *State v. Williams,* 654 S.W.2d 238 (Mo.App.1983) [emphasis added]. The discovery of the defendant's checkbook, bearing his name and address, in the glove compartment of the impounded vehicle comes within the inventory search exception to the warrant requirement. As a result, the defendant's argument that his subsequent arrest was illegal for the reason that the checkbook was fruit of the poisonous tree is without merit.

■ In his second point, defendant contends that the trial court erred in denying his motion to suppress identification and statements made subsequent to his arrest on the grounds that a non-arresting police officer may not establish probable cause through the hearsay statements of other officers involved in the investigation. First, there is no requirement that the arresting officer personally testify to establish the requisite basis for probable cause to arrest. *State v. Telfair,* 637 S.W.2d 179, 180 (Mo.App.1982). The knowledge of one officer is the knowledge of all ... the collective knowledge and available objective facts are criteria to be used in assess-

ing probable cause. *State v. Telfair, supra; U.S. v. Stratton,* 453 F.2d 36 (8th Cir.1972). Furthermore, hearsay evidence is sufficient to establish probable cause because it is not offered for its truth, but to explain the basis for his belief that probable cause to arrest existed. *State v. Calmese,* 657 S.W.2d 662, 663 (Mo.App. 1983).

Defendant's third point is that the trial court erred in denying his motion to dismiss under the Speedy Trial Act. § 545.780 RSMo 1978 (repealed 1984). The defendant's argues (1) that the trial court failed to comply with 545.780(5), which requires that specific findings be made in the record that the granting of a continuance outweighs the best interest of the public and the defendant in a speedy trial; and (2) that the state failed to show that delays caused by continuances in excess of the permissible 180-day period were attributable to the defendant.

Our Supreme Court has recently decided that although the court should make the requisite findings required by § 545.-780(5)(a), failure to comply does not automatically require dismissal of the indictment or information. *State v. Collins,* 669 S.W.2d 933, 934–35 (Mo. banc 1984). Notwithstanding defendant's allegations, the legal file substantiates the trial court's finding that the delays prior to trial were primarily the result of various motions by the defendant. There is no showing by the defendant that any delay was occasioned by the state, much less that such delay was purposefully oppressive and thus, unconstitutional. *State v. Leipus,* 675 S.W.2d 896, 900 (Mo.App.1984). Under the circumstances presented, the trial judge did not abuse his discretion in refusing to dismiss the case. *State v. Collins, supra* at 935.

Defendant's fourth point is that the trial court erred in not granting a mistrial after instances of misconduct by the prosecutor at trial. Defendant's brief cites seven incidents allegedly constituting prosecutorial misconduct. The record shows, however, that he failed to make a motion for a mistrial to remedy the prejudicial effect upon the jury in five of these instances. Where no motion for a mistrial was made to the court below, it is meritless to argue on appeal that the court erred in overruling such motion. *State v. Davis,* 556 S.W.2d 745, 748 (Mo.App.1977).

Defendant requested a mistrial in two instances: (1) After the state commented "You know [Hook] has nothing to lose by testifying for you;" and (2) during final argument after the prosecutor commented that the defense counsel was using a "shotgun defense," and withdrew the defense of diminished capacity because he could not find a "shrink" to say the defendant was crazy.

With regard to the first incident, the court sustained the defense counsel's objection and instructed the jury to disregard the statement. A mistrial is a drastic remedy to be exercised when the prejudice, if any, cannot be removed by other means. *State v. Hammond,* 578 S.W.2d 288, 289 (Mo.App.1979). The trial court's curative measures were sufficient to remove the prejudice, if any, which may have resulted from the comment. In regard to the second instance, the record discloses that the prosecutor's comment regarding the fabrication of a shotgun defense was retaliatory in nature, and responsive to defense counsel's closing argument. A trial court is vested with considerable discretion in permitting the use of retaliatory arguments and refusing to declare mistrials based thereon. *State v. Lacy,* 548 S.W.2d 251, 252 (Mo.App.1977). We find no abuse of discretion under the circumstances presented.

The defendant's final point is that the trial court erred in denying his motion for acquittal for the reason that there was insufficient evidence to sustain his conviction for first degree assault.

In ruling this issue, the appellate court must consider the facts in evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the jury's verdict and disregard all contrary evidence and inferences. *State v. Mc-*

*Donald,* 661 S.W.2d 497, 500 (Mo. banc 1983). Defendant's challenge to the sufficiency of the evidence regarding the assault charge was premised upon the inadmissibility of evidence discussed under Point I. We have found this evidence admissible. Notwithstanding this finding, there was sufficient evidence before the jury to find criminal liability for first degree assault.

The judgment is affirmed.

CRIST and CRANDALL, JJ., concur.