# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1952

_____

United States of America,          *
                                                *

          Appellee,        *

                                           *   Appeal from the United States
   v.                                *   District Court for the
                                           *   District of South Dakota

Lavayne M. Jacobsen,        *

                                                *

          Appellant.       *

_____

Submitted: October 21, 2004
Filed:  December 2, 2004

_____

Before LOKEN, Chief Judge, MAGILL and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

The district court[1] denied Lavayne M. Jacobsen's motion to suppress evidence. This court reviews the findings of fact for clear error, but reviews de novo the conclusions of law. **_United States v. Velazquez-Rivera_**, 366 F.3d 661, 664 (8th Cir. 2004).  Jurisdiction being proper under 28 U.S.C. § 1291, the district court is affirmed.

_____

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota, adopting the report and recommendations of the Honorable John E. Simko, United States Magistrate Judge for the District of South Dakota.

On July 21, 2003, Agent Jason Piercy received three phone calls from a confidential informant. In ten other cases, the informant had provided reliable information resulting in arrests or controlled drug purchases.

The informant stated that "Taco," "Jake" (appellant Jacobsen), and "Monty" were going to Minnesota to pick up an ounce of cocaine. In the second call, the informant added that Jacobsen would be driving a black S-10 truck, while Monty's vehicle, a green Chevrolet Camaro, would stay parked at Jacobsen's home. License records confirmed that Jacobsen owned a black GMC Sonoma truck, and Monty had a Chevrolet Camaro. Agent Piercy drove past Jacobsen's home and saw the Camaro, but not the truck.

The informant called a third time, relaying that Jacobsen had returned from Minnesota. Two detectives drove to Jacobsen's home and saw his truck. A man then left Jacobsen's home carrying what appeared to be a small brown bag, and drove away in Jacobsen's truck. Agent Piercy directed the detectives to follow him. Agent Piercy testified he thought the man might be carrying controlled substances. The "bag," in fact, was a coffee pot.

Agent Piercy instructed the detectives to pull the truck over. Rather than do so themselves, one detective described the vehicle to a patrol officer. The officer was given no information about the investigation, except that narcotics detectives needed help stopping the truck. After pulling over the truck, the officer implied that the license-plate light was not illuminated. (Videotape taken from the officer's car shows the light was working.) The officer determined that the man was Jacobsen and detained him 10 to 15 minutes.

Arriving at the stop, Detective Duprey began questioning Jacobsen. He denied being out of town, which Detective Duprey believed was false and evasive. A canine

officer was called, arriving within 40 minutes. The canine alerted to the vehicle, where methamphetamine and a mixture containing cocaine were found.

After the district court denied Jacobsen's motion to suppress, he entered a conditional plea of guilty to two violations of 21 U.S.C. § 841(a)(1). Jacobsen appeals the denial of this motion, arguing the stop was pretextual.

The Fourth Amendment protects against unreasonable searches and seizures. To detain a person, law enforcement agents must have reasonable suspicion that criminal activity is afoot. *United States v. Arvizu*, 534 U.S. 266, 273 (2002), *quoting United States v. Sokolow*, 490 U.S. 1, 7 (1989). Reasonable suspicion requires a particularized and objective basis for suspecting legal wrongdoing. *Id. See Terry v. Ohio*, 392 U.S. 1, 21 (1968). This court reviews the totality of circumstances. *Arvizu*, 534 U.S. at 273; *see also United States v. Buchannon*, 878 F.2d 1065, 1067 (8th Cir. 1989).

The Supreme Court held that a police officer can rely on a "wanted flyer" when making a *Terry* stop, even if the flyer omits the specific articulable facts supporting reasonable suspicion. *United States v. Hensley*, 469 U.S. 221, 232 (1985). Specifically,

> if a flyer or bulletin has been issued on the basis of articulable facts supporting a reasonable suspicion that the wanted person has committed an offense, then reliance on that flyer or bulletin justifies a stop to check identification, to pose questions to the person, or to detain the person briefly while attempting to obtain further information.

*Id.*, *citing Adams v. Williams*, 407 U.S. 143, 146 (1972). Evidence uncovered during the stop is admissible. *Id.* at 233. Admissibility does not require that those acting on the flyer themselves know the specific facts prompting the flyer, if some degree of communication exists between the police officers. *Id.* at 231; s*ee also United States*

*v. Twiss*, 127 F.3d 771, 774 (8th Cir. 1997); *United States v. Horne,* 4 F.3d 579, 585-86 (8th Cir. 1993); *United States v. Stratton*, 453 F.2d 36, 37 (8th Cir. 1972).

*Hensley* authorized Jacobsen's detention because the agent ordering the stop had sufficient reasonable suspicion. Reasonable suspicion may be based on an informant's tip. *Williams*, 407 U.S. at 147; *United States v. Johnson*, 64 F.3d 1120, 1124-25 (8th Cir. 1995); *United States v. McBride,* 801 F.2d 1045, 1046-47 (8th Cir. 1986). As in the ten previous tips, the informant provided Agent Piercy with reliable information. The informant's three phone calls accurately described Jacobsen's residence, his vehicle, his friend's vehicle, and when they would return from Minnesota. Agent Piercy corroborated the informant's tip by checking tax and licensing records, and driving past Jacobsen's home. Finally, Jacobsen was observed exiting his house with a small brown bag and leaving in his truck. Reasonable suspicion was based on more than "inarticulate hunches." *See Terry*, 392 U.S. at 22. Agent Piercy had a particularized and objective basis for ordering the stop.

Because Agent Piercy had reasonable suspicion that criminal activity was afoot, and because narcotics detectives instructed the patrol officer to make the stop, the officer's false statement about the burned-out light does not matter.

> An investigative stop of a vehicle does not violate the Fourth Amendment where the police have a reasonable suspicion that the occupant of the vehicle is engaged in criminal activity. *United States v. Mora-Higuera*, 269 F.3d 905, 909 (8th Cir. 2001), *cert. denied*, 537 U.S. 828, 123 S.Ct. 123, 154 L.Ed.2d 40 (2002). "There is no requirement that there be a traffic violation." *Id.*

*United States v. Briley*, 319 F.3d 360, 364 (8th Cir. 2003). The patrol officer himself need not know the specific facts that caused the stop. *See Hensley*, 469 U.S. at 232. Rather, the officer need only rely upon an order that is founded on reasonable

suspicion.  Here, the order was based upon articulable facts supporting reasonable suspicion.

The judgment of the district court is affirmed.

_____