# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3662

_____

| | |
|---|---|
| Joe Howard, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the Eastern |
| | * District of Missouri |
| United States of America, | * |
| | * [UNPUBLISHED] |
| Appellee. | * |

_____

Submitted: April 12, 2005
Filed: June 10, 2005

_____

Before COLLOTON, McMILLIAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Joe Louis Howard was convicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. 924(g). The district court[1] sentenced him to 188 months, pursuant to 18 U.S.C. § 924(e). Howard appeals. Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

On March 12, 2003, Officers Harry Howell and James Rush of the St. Louis Metropolitan Police Department responded to a 911 call that shots had been fired at

_____

[1] The Honorable Catherine D. Perry, United States District Court Judge for the Eastern District of Missouri.

an apartment building. When Officer Howell arrived there, the woman who placed the call said that a man, whom she recognized as a resident in the building, had fired a handgun outside in the rear courtyard, while shouting obscenities and appearing intoxicated. She directed Officer Howell to a white van that she believed belonged to the man. Checking the license plate, Officer Howell discovered the van was registered to Joe Howard, which matched the name on the mailbox for Apartment 3N.

Officer Howell went to Apartment 3N and knocked on the door, where he heard a television and smelled marijuana emanating from within the apartment. While Officer Howell was knocking on the door, a neighbor across the hall opened the door and told him that although she did not see anyone firing shots, she did see Howard return to his apartment with a gun shortly after shots were fired. Receiving no response to the knocks on the door of Howard's apartment, Officers Howell and Rush left the building. The next day, they obtained a search warrant based on the information obtained at the apartment building and records showing Howard was a felon.

On March 13, eight officers arrived at the building around 9:00 p.m. to execute the search warrant. Due to safety concerns, Officer Howell enlisted the assistance of the Mobile Reserve Unit, which helps execute search warrants in high-risk situations. Officer Mike Mathews, a Mobile Reserve member, knocked on the door to Apartment 3N and announced "Police; search warrant." After knocking, Officer Mathews heard shuffling in the apartment, which led him to suspect that someone in the apartment might be arming himself. After no response – about five seconds later – officers broke down the door and arrested Howard. Officer Howell asked – after Miranda warnings – if Howard had any guns. Howard answered yes. Officer Howell then seized a .22 caliber Winchester rifle from the rear bedroom.

Howard objects that the district court erred in denying his motion to suppress evidence. Howard contends that the officers violated the Fourth Amendment by not

complying with knock-and-announce requirements and forcibly entering his apartment (without exigent circumstances). On an appeal of the denial of a motion to suppress, this court reviews the findings of fact for clear error, but reviews de novo the conclusions of law. *See United States v. Jacobsen*, 391 F.3d 904, 905 (8th Cir. 2004).

The Fourth Amendment does not prohibit no-knock searches, but requires police officers to justify dispensing with the knock-and-announce requirement. *See Richards v. Wisconsin*, 520 U.S. 385, 391 (1997). A no-knock entry can be justified if officers show they had a reasonable suspicion that knocking and announcing under the particular circumstances would threaten officer safety, be futile, or inhibit the investigation of crime. *See id.* at 394. In assessing reasonable suspicion, courts evaluate the totality of the circumstances to determine whether officers had a particularized and objective basis for their conclusion. *See United States v. Arizona*, 534 U.S. 266, 273 (2002); *Doran v. Eckold*, No. 03-1810, slip op. at 13-14 (8th Cir. June 6, 2005) (en banc).

In this case, the officers had a reasonable suspicion of exigent circumstances based on the facts that: (1) Howard possessed firearms in his apartment; (2) he discharged them the night before, while appearing intoxicated and acting irrationally; (3) he had a criminal history that included convictions for dangerous crimes; (4) Officer Howell believed this was a high-risk warrant due to the presence of residents in the building; and (5) Officer Mathews heard shuffling in the apartment after knocking, leading him to suspect someone in the residence might be arming himself. *See United States v. Ramirez*, 523 U.S. 65, 71-72 (1988). In the totality of the circumstances, the officers' suspicions were reasonable, and justified dispensing with the knock-and-announce requirement. The district court did not err in denying the motion to suppress.

Second, Howard alleges the district court erred in overruling his objection to the expert testimony of Officer David Menendez. This court reviews the admission of expert testimony for abuse of discretion. *See United States v. Kehoe*, 310 F.3d 579, 590 (8th Cir. 2002).

An essential element of 18 U.S.C. § 922(g) is that the firearm has a nexus with interstate commerce. The government must show that the firearm moved in or affected interstate commerce. *United States v. Cox*, 942 F.2d 1282, 1286 (8th Cir. 1991). Proof that the firearm was manufactured outside the state of possession will suffice. *Id.* Expert testimony on the interstate nexus is admissible. *See United States v. Mosley*, 60 F.3d 454, 455 (8th Cir. 1995).

Here, Officer Menendez testified that he received specific training in determining where a firearm has been manufactured, and that he has testified 12 times in state and federal court as an expert. With respect to the firearm seized from Howard's apartment, Menendez testified that it was manufactured by Winchester in New Haven, Connecticut. This testimony satisfies the interstate nexus requirement. The district court did not err in admitting Officer Menendez's testimony.

Finally, Howard objects to the district court's finding that his prior conviction – theft of a motor vehicle – is a "violent felony" under 18 U.S.C. 924(e). A person who violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony shall be imprisoned not less than fifteen years. 18 U.S.C. § 924(e)(1). Howard concedes that two of his convictions – second-degree burglary and first-degree robbery – are violent felonies, under 18 U.S.C. § 924(e)(2)(B). This court reviews de novo whether a prior offense is a violent felony under 18 U.S.C. § 924(e). *See United States v. Barbour*, 396 F.3d 826, 827 (8th Cir. 2005).

A "violent felony" includes any offense that "presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). This court has held that

theft of a motor vehicle is a violent felony for purposes of 18 U.S.C. § 924(e). *See United States v. Sprouse*, 394 F.3d 578, 581 (8th Cir. 2005); *Barbour*, 395 F.3d at 827.

Howard also argues that the district court's finding that the theft of a motor vehicle is a violent felony violates the Supreme Court's decision in *Blakely v. Washington,* __ U.S. __, 124 S.Ct. 2531 (2004). In *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005), the Supreme Court held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756. This court has specifically held that it does not violate Booker for the court to categorize a prior conviction, for purposes of sentence enhancement. *See United States v. Patterson*, No. 04-1178, 2005 U.S. App. LEXIS 8405 at *9 (8th Cir. May 13, 2005).[2]

Howard's conviction and sentence are affirmed.

---

[2] Howard does not raise on appeal any issue as to the reasonableness of the sentence, nor as to his sentencing under mandatory guidelines.