# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-2442

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Northern District of Iowa. |
| Pedro Piedra, | * |
| | * **[UNPUBLISHED]** |
| Defendant - Appellant. | * |

———————

Submitted: December 12, 2005
Filed: March 13, 2006

———————

Before LOKEN, Chief Judge, WOLLMAN and RILEY, Circuit Judges.

———————

LOKEN, Chief Judge.

Acting at the request of Tri-State Drug Task Force Officer Shawn Jensen, Police officer Chris Treadway stopped a Ford Bronco with Iowa license plates in South Sioux City, Nebraska. The driver, Pedro Piedra, was arrested for driving without a license. A search of the vehicle incident to the arrest uncovered 113.3 grams of methamphetamine. After the district court[1] denied Piedra's motion to

_____

[1]The Honorable Mark W. Bennett, Chief Judge of the United States District Court for the Northern District of Iowa, adopting the Report and Recommendation of the Honorable Paul A. Zoss, United States Magistrate Judge for the Northern District of Iowa.

suppress the methamphetamine, he entered a conditional plea of guilty to possession with intent to distribute fifty or more grams of methamphetamine within 1,000 feet of a public playground. See 21 U.S.C. §§ 841(b)(1)(B)(viii), 860(a). Piedra appeals his conviction, arguing that the district court erred in denying his motion to suppress because the police lacked reasonable suspicion to stop the Bronco and therefore Piedra's arrest and the search incident to that arrest violated the Fourth Amendment.

Reviewing the district court's ultimate conclusion de novo, we agree that the controlled drug purchase in progress on the evening Piedra's vehicle was stopped, together with Officer Jensen observing Piedra enter and leave a nearby residence where a controlled drug purchase was made eleven days earlier, gave the officers reasonable suspicion to make an investigative stop of Piedra's vehicle. See United States v. Bustos-Torres, 396 F.3d 935, 942-43 (8th Cir.), cert. denied, 125 S. Ct. 2557 (2005); United States v. Jacobsen, 391 F.3d 904, 905 (8th Cir. 2004). Accordingly, we affirm for the reasons stated in the district court's thorough opinions. See 8th Cir. R. 47B.

_____