United States Court of Appeals

For the Eighth Circuit

_____

No. 18-2244

_____

United States of America

*Plaintiff - Appellee*

v.

Santiago Soto-Garcia

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: November 7, 2019
Filed: November 22, 2019
[Unpublished]

_____

Before LOKEN, WOLLMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Santiago Soto-Garcia appeals after a jury found him guilty of drug and firearm
offenses, and the district court[1] imposed a below-Guidelines sentence. His counsel

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the
Western District of Missouri.

has moved for leave to withdraw, and has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), suggesting that the district court erred in denying Soto-Garcia's motions to suppress evidence, and that his prison term is substantively unreasonable. In a pro se brief, Soto-Garcia echos counsel's arguments, and asserts that inconsistent testimony by government witnesses violated his due process rights.

As to the issues raised by counsel, we first conclude that the denial of Soto-Garcia's motions to suppress was not erroneous. <u>See</u> <u>United States v. Brewer</u>, 624 F.3d 900, 905-06 (8th Cir. 2010) (this court examines factual findings underlying district court's denial of motion to suppress for clear error and reviews de novo whether Fourth Amendment was violated; this court must examine entire record, not merely evidence adduced at suppression hearing). Specifically, we conclude that the officer was justified in stopping Soto-Garica's car, because he was directed to do so by a detective, who had witnessed Soto-Garcia distribute methamphetamine from the car earlier that day. <u>See</u> <u>United States v. Hensley</u>, 469 U.S. 221, 229 (1985) (if police have reasonable suspicion, grounded in specific and articulable facts, that person was involved in completed felony, they may initiate stop pursuant to <u>Terry v. Ohio</u>, 392 U.S. 1 (1968) to investigate); <u>United States v. Jacobsen</u>, 391 F.3d 904, 906-07 (8th Cir. 2004) (patrol officer was justified in stopping suspect because narcotics detective who ordered him to do so had reasonable suspicion that criminal activity was afoot); <u>see also</u> <u>United States v. Robinson</u>, 664 F.3d 701, 703 (8th Cir. 2011) (probable cause may be based on officers' collective knowledge and need not be based solely on information within arresting officer's knowledge, so long as there is some degree of communication between officers). We further conclude that the drug-dog sniff of Soto-Garcia's car was justified based on the officer's belief that the car contained evidence of criminal activity, as the officer had seen guns in the car and a large bulge of suspected contraband in a passenger's pants, and the detective had witnessed Soto-Garcia distribute meth from the car earlier that day. <u>See</u> <u>United States v. Davis</u>, 569 F.3d 813, 817 (8th Cir. 2009) (officers may search vehicle without warrant if they have probable cause to believe it contains evidence of criminal activity). We also

conclude that Soto-Garcia's prison term is not substantively unreasonable, as it is below the Guidelines range, and there is no indication the district court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing appropriate factors. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (discussing substantive reasonableness).

As to Soto-Garcia's pro se argument, we conclude that it was within the jury's province to resolve any inconsistencies in the officers' testimony, and that there is no indication he was deprived of a fair trial, given the overwhelming evidence of his guilt. See United States v. Bower, 484 F.3d 1021, 1026 (8th Cir. 2007) (it is within jury's province to resolve conflicting testimony); cf. United States v. Clayton, 787 F.3d 929, 933 (8th Cir. 2015) (to establish prosecutorial misconduct, defendant must show government's conduct was improper and affected his substantial rights so as to deprive him of fair trial).

Finally, having reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we have found no non-frivolous issues. Accordingly, we grant counsel leave to withdraw, and affirm.

_____